No. 45,645

THE STATE OF KANSAS, *Appellee*, v. ROBERT CHESTER WEATHERS, *Appellant.*

(469 P. 2d 292)

Opinion filed May 9, 1970.

*Richard D. Ewy*, of Wichita, argued the cause and was on the brief for the appellant.

*Richard K. Hollingsworth*, Deputy County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, *Keith Sanborn*, County Attorney, and *Donald Foster*, Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: On July 16, 1968, the defendant, Robert Chester Weathers, pleaded guilty to charges of first-degree robbery and possession of a pistol after conviction of a felony. He was sentenced on both charges, the sentences to run consecutively. The present appeal is from both convictions.

The principal point raised in this appeal concerns the defendant's conviction of possessing a pistol after having previously been convicted of robbery. The relevant statute, K. S. A. 21-2611, provides:

"It shall be unlawful for any person who has previously been convicted in this state or elsewhere of committing or attempting to commit murder, manslaughter (except manslaughter arising out of the operation of an automobile), kidnaping, mayhem, forcible rape, assault to do great bodily harm, or any other

felonions assault, robbery, burglary, extortion, grand larceny, receiving stolen. property, aiding escape from prison or unlawfully possessing or distributing habit-forming narcotic drugs or *cannabis sativa,* commonly known as marihauna, to own a pistol, or to have or keep a pistol in his possession, or under his control. . . ."

The thrust of the defendant's argument is, very simply, that the statute fails to meet constitutional standards of equal protection. Although we have held the statute to be constitutional on other grounds (*State v. Bolin,* 200 Kan. 369, 463 P. 2d 978) the exact point now before us has not heretofore been raised on appeal, nor have we passed upon it.

It is now urged that invidious discrimination exists betwen persons who have previously been convicted of the specific offenses named in the statute, and those who have been convicted of other offenses. The defendant argues that so far as prohibiting the possession of a pistol is concerned there is no rational basis for distinguishing between persons previously convicted of one of the offenses delineated in K. S. A. 21-2611 and persons convicted of other offenses. In other words, the defendant avers the classification of offenses spelled out in K. S. A. 21-2611 is unreasonable within the purview of the constitutional guarantee of equal protection.

Reliance for this viewpoint is largely predicated on the decision in *Skinner v. Oklahoma,* 316 U. S. 535, 86 L. Ed. 1655, 62 S. Ct. 1110, where the United States Supreme Court determined that an Oklahoma statute which authorized the sterilization of habitual criminals, after notice and trial, was unconstitutional. The statute defined an habitual criminal as any person having had two or more convictions for felony, but specifically exempted embezzlement, political offenses and violations of the prohibitory and revenue laws, from the provisions of the act.

In deciding that the statute offended against the equal protection clause, the federal court pointed out that the line attempted to be drawn beween larceny on the one hand (included as a crime within the meaning of the statute) and embezzlement on the other (an offense not so included) was artificial and meaningless. Delving momentarily into the area of eugenics, the court observed there was no scientific basis for an inference "that the inheritability of criminal traits follows the neat legal distinctions which the law has marked between those two offenses."

The fatal defect which lead to the ultimate demise of the Okla-

homa sterility statute is not inherent in K. S. A. 21-2611. In our view, the classification attempted in the Kansas statute is not unreasonable in its relation to the evil sought to be cured. For the most part, the crimes listed in the statute are crimes of violence against persons, the repetition of which by a previous offender who has armed himself with a pistol, might well bring serious physical harm to his victim. As to burglary, extortion, larceny and aiding escape, the possibility of personal confrontation during their commission is always present, with potential hazard to the poor wretch who might be so unfortunate as to gaze into the working end of the ex-felon's pistol. A receiver of stolen property jeopardizes public safety through his dealing in guns and other dangerous weapons, while the possibility of danger to human security from a pistol in the hands of a dope addict is too obvious to require extended comment.

The legislature, acting in pursuance of the police power of the state, is empowered to adopt measures in furtherance of the public welfare and its enactments in that area are not to be judicially curtailed where they reasonably relate to the legitimate ends sought to be accomplished. Classifications honestly designed to protect the public interest against evils which might otherwise occur, are to be upheld unless they be unreasonable, arbitrary or oppressive. (*Tri-State Hotel Co. v. Londerholm,* 195 Kan. 748, 408 P. 2d 877.) In the *Tri-State* case, this court reiterated the time-honored rule that due process permits the exercise of a wide scope of discretion by the legislature in establishing classifications in the exercise of its police powers, and the law vitiates what is done in such connection only where there is no rational basis for its support.

Justice Holmes, in authoring the decision in *Patsone v. Pennsylvania,* 232 U. S. 138, 58 L. Ed. 539, 34 S. Ct. 281, expressed this legal maxim, with his usual lucidity, in these words:

". . . [W]e start with the general consideration that a State may classify with reference to the evil to be prevented, and that if the class discriminated against is or reasonably might be considered to define those from whom the evil mainly is to be feared, it properly may be picked out. A lack of abstract symmetry does not matter. The question is a practical one dependent upon experience. The demand for symmetry ignores the specific difference that experience is supposed to have shown to mark the class. It is not enough to invalidate the law that others may do the same thing and go unpunished, if, as a matter of fact, it is found that the danger is characteristic of the class named. . . ." (p. 144.)

It may not be amiss to observe at this time that under the provi-

sions of § 21-4204 (*b*) of the new Kansas Code of Criminal Procedure, which supersedes K. S. A. 21-2611 and is to become effective July 1, 1970, the classification of prior convictions set out in the present statute has been entirely deleted. This fact, however, in no wise detracts from the validity of the act as it now stands.

We have examined other points raised by the defendant on this appeal and find them to be without merit.

The judgment of the district court is affirmed.