541 P.2d 600

The STATE of Arizona, Appellee,

v.

Raymond T. HARMON, Appellant.

No. 2 CA–CR 628.

Court of Appeals of Arizona,
Division 2.

Oct. 28, 1975.

Rehearing Denied Nov. 26, 1975.

**138**

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Robert J. Hirsh, P. C., by James A. Shiner, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

On December 21, 1972, appellant was arrested after receipt by the police of a report of an armed robbery in progress. When arrested, he had a loaded 357 magnum pistol, a 14-inch knife, a hood-type ski mask, a pair of gloves and was wearing a pair of socks over his boots.

For reasons unrelated to this appeal, the victims of the alleged robbery refused to prosecute and appellant was charged with and convicted of possession of a pistol by a criminal in violation of A.R.S. Sec. 13–919. He was placed on probation for a period of five years.

Approximately twelve years prior to his arrest in this case, appellant was convicted of burglary and sentenced to the Arizona State Prison from which he was subsequently paroled. In May of 1972, appellant was arrested and convicted of a federal narcotics offense and placed on probation. At the time of his federal arrest, he was in possession of a firearm.

The record discloses that between 1968 and 1972, appellant has registered to vote, procured annual hunting licenses and purchased various firearms.

A.R.S. Sec. 13–919 provides in part as follows:

> "A. It is unlawful for a person who has been convicted of a crime of violence in any court of the United States, its territories, districts or possessions, or the several states, to possess a pistol, unless such person has been pardoned for such crime or *has by law regained full status as a citizen.*
>
>   \*   \*   \*   \*   \*   \*
>
> D. 'Crime of violence' within the provisions of this section means murder, manslaughter with a dangerous weapon or implement other than an automobile, assault with a dangerous weapon, rape, mayhem, kidnapping, robbery, burglary or assault with intent to commit any offense punishable by imprisonment for more than one year."

Appellant contends that the phrase "full status as a citizen" as used above is uncertain. In *State v. Noel,* 3 Ariz.App. 313, 414 P.2d 162 (1966), we noted that the phrase "full status as a citizen" included much more than just enjoyment of civil rights. Appellant contends that the enactment of A.R.S. Sec. 13–1741 et seq. after

the date of the *Noel* decision and the adoption by our Supreme Court of Rule 29.1, Rules of Criminal Procedure, render A.R.S. Sec. 13–919(A) vague. We do not agree. The foregoing statute and rule set forth the procedure for restoration of civil rights. With knowledge of our decision in *State v. Noel,* supra, and of the language of A.R.S. Sec. 13–919(A), the legislature still chose to use the words "civil rights" instead of the term "full status as a citizen." The term "full status as a citizen" includes all the rights of citizenship of which "civil rights" are only a part. A.R.S.Sec. 13–919(A) is not vague.

Appellant next contends that he did not know of the existence of A.R.S. Sec. 13–919(A) and that it was incumbent upon the state, in order to sustain a conviction, to show that he had knowledge of the statute. In support of this proposition, appellant cites the case of *Lambert v. California,* 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957). His reliance on the foregoing case is misplaced. *Lambert,* supra, involved the failure to register as a felon. It stands for the proposition that where the duty to act arises only from a statute, the accused's knowledge of the statutory duty generally must be clearly established. *Lambert,* supra, dealt with conduct that was wholly passive, a mere failure to register. That is not the case here. A.R.S. Sec. 13–919 does not punish the failure to act, but rather punishes the act of possession of a pistol by one charged by law with knowledge that such possession under circumstances such as those here is unlawful.

Appellant further contends that the evidence showed he had no criminal intent and therefore, his conviction violates A.R.S. Sec. 13–134, which reads:

"The following persons shall not be punished for their acts or omissions:

1. Those who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent.

2. Those who committed the act charged without being conscious thereof.

3. Those who committed the act or made the omission charged through misfortune or by accident, when it appears that there was no evil design, intention or culpable negligence."

\* \* \* \* \* \*

We do not agree. The intent which the legislature has chosen to punish is the intent to possess the pistol, not the intent to do so unlawfully. The fact of possession by one previously convicted of a crime of violence constitutes the crime. A defendant charged with this crime need not have known he acted illegally. *People v. Kuykendall,* 134 Cal.App.2d 642, 285 P.2d 996 (1955).

Appellant further argues that the evidence at trial indicated he was operating under a mistake of fact. He claims that he thought his full status as a citizen had been restored since he was allowed to register to vote, secure a hunting license, and purchase pistols. Furthermore, when he was convicted of the federal offense, his federal probation officer never mentioned the fact that it was unlawful for him to be in possession of a pistol. Appellant also uses this argument to contend that the State of Arizona tacitly induced him to violate A.R.S. Sec. 13–919 and is therefore estopped from convicting him.

Appellant's mistake was one of law and not one of fact and is therefore no defense to the crime charged. *People v. Kuykendall,* supra.

As for his defense of estoppel, appellant cannot fail to disclose his criminal record to state officials and then claim they led him astray.

Appellant's last claim is that the classification of a non-violent burglary as a crime of violence under A.R.S. Sec. 13–919 has no rational basis and, therefore, as applied to him, denies him equal protection under the law. This contention is without merit. We agree with the Kansas Su-

preme Court's reasoning in *State v. Weathers,* 205 Kan. 329, 469 P.2d 292, 294 (1970):

> "In our view the classification attempted in the Kansas statute is not unreasonable in its relation to the evil sought to be cured. For the most part, the crimes listed in the statute are crimes of violence against persons, the repetition of which by a previous offender who has armed himself with a pistol, might well bring serious physical harm to his victim. As to *burglary,* extortion, larceny and aiding escape, the possibility of personal confrontation during their commission is always present, with potential hazard to the poor wretch who might be so unfortunate as to gaze into the working end of the ex-felon's pistol." (Emphasis added)

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.