620 P.2d 227

**The STATE of Arizona, Appellee,**

v.

**Thomas Edward BICE, Appellant.**

**No. 2 CA–CR 2044.**

Court of Appeals of Arizona, Division 2.

Oct. 24, 1980.

Rehearings Denied Nov. 25, Dec. 23, 1980.

**314**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Atty, Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was charged with two counts of sexual assault and one count of kidnapping. An allegation of the dangerous nature involving the use or exhibition of a deadly weapon was made as to each count pursuant to A.R.S. Sec. 13–604(K). The jury found him guilty on all counts and further determined that the dangerous nature allegation was true.

Appellant, sentenced to concurrent prison terms of seven years, contends: (1) The trial court erred in denying his motion to dismiss the allegation of the dangerous nature of the felonies and in denying his instructions defining the word "use"; (2) that it was error for the trial court to deny his motion in limine concerning a portion of his confession; (3) the trial court erred in denying his motion for mistrial based on improper references to certain items not introduced into evidence; and (4) the trial court erroneously denied appellant's motion for a mistrial after he waived extradition and returned to Arizona during the trial. (He was being tried in absentia.) We affirm.

The undisputed evidence is as follows. At approximately 9 p. m. on the night of June 19, 1979, the victim was returning to her home in Sahuarita from her job in Green Valley. In a desert area near her home, her car stalled and she began walking along the highway. Appellant came along in a pickup truck and stopped. He asked the victim to ride with him and when she refused, he grabbed her and forced her into the vehicle. He then pulled out a .22 caliber pistol and put it on the dashboard. The victim never saw the pistol itself but did see the holster.

After tying her up with an electrical cord, appellant drove throughout the area and eventually stopped near a hog farm. At one point during the hour–long journey, he told the victim to keep her head down or he would blow it off. Appellant raped the victim twice, apologized, told her to get dressed and eventually dropped her off near her car.

Shortly before the trial was to begin, appellant left the jurisdiction. He was arrested in Virginia, and upon waiving extradition, arrived in Tucson after two days of testimony had been taken. Appellant knew about the proceedings in Tucson and had no intention of participating.

A.R.S. Sec. 13–604(K) provides in part: "... For the purposes of this subsection, 'Dangerous nature of the felony' means a felony involving the *use* or exhibition of a deadly weapon ..." (Emphasis added)

Appellant contends that the trial court erred when it refused to give his instruction to the effect that "use" of a deadly weapon is not synonymous with being "armed" with a deadly weapon and further, refused his alternative instruction defining the word "use" as "to carry out a purpose of action by means of or to make instrumental to an end or process and to apply to advantage." We do not agree.

▮ The trial court is not required to define a term in instructions when it is one of ordinary significance. *State v. Beers*, 8 Ariz.App. 534, 448 P.2d 104 (1968) (accident); *State v. Perry*, 5 Ariz.App. 315, 426 P.2d 415 (1967) (serious bodily injury). The word "use" is one of ordinary significance and the court did not err.[1]

---

1. We do not believe the case of *People v. Najera*, 8 Cal.3d 504, 105 Cal.Rptr. 345, 503 P.2d 1353 (1972), supports appellant's position. The court in *Najera* in footnote 5, 503 P.2d at page

The fact that the victim did not actually see the weapon itself is of no import here. A.R.S. Sec. 13–604(K) recognizes the increased risk posed by the use of a deadly weapon and accordingly, enhances the punishment. The trial court did not err in its refusal to grant a judgment of acquittal or motion for directed verdict.

Prior to trial appellant moved in limine to preclude the state from introducing statements that he made to the arresting officer to the effect that he laid a .22 caliber pistol on the dashboard of the truck during the incident. He claimed that except for this admission, there was no other evidence to prove that he had a weapon. Appellant contends that the trial court erroneously denied his motion. We do not agree. Since no evidence had been taken in the case, the court was correct in its denial. After the state's presentation of its case, appellant failed to renew the motion. In *State v. Hernandez*, 83 Ariz. 279, 320 P.2d 467 (1958), the court stated that before the state can use a confession or incriminating statement of a defendant, other evidence besides the confession or statement tending to prove the corpus delicti must be submitted, i. e., that someone committed the crime for which the defendant is charged and to which he has confessed. The reason for this rule is that no person should be convicted of a crime to which he confesses unless the state shows, by other testimony, that the confessed crime was in fact committed by someone. The contrary would authorize the return of conditions that existed in the days of the Inquisition. *East v. State*, 175 S.W.2d 603, 146 Tex.Cr.R. 396 (1942); see LaFave & Scott, Criminal Law, Sec. 4, p. 17. We do not believe that this concept applies to an allegation of the dangerous nature of the felony under A.R.S. Sec. 13–604 since the danger of confessing to a nonexistent crime does not exist when the corpus delicti of the substantive crime charged has been proven. Assuming arguendo that the concept is applicable to such allegations, there is sufficient evidence indicating that the confession was corroborated. To—wit, that appellant was seen taking the pistol from the truck and that the victim saw the holster and testified that he said he would blow her head off.

Appellant contends the trial court erred in denying his motion for mistrial based on continual references made during trial concerning knives and a scabbard which were never introduced into evidence. We do not agree. Even if such references constituted error, it was harmless beyond a reasonable doubt in view of the overwhelming evidence against appellant.

On the morning of the second day of trial, appellant's counsel was informed that appellant had been arrested the previous day in Virginia and would apparently waive extradition in order to return to Arizona to stand trial. He requested that the court either grant a continuance or declare a mistrial and begin the proceedings upon appellant's return. The trial court declined to grant a mistrial but did grant his motion to continue and the trial was not commenced until the following afternoon when appellant was present. Although defense counsel stated after the continuance was granted that he thought appellant's sudden appearance at the trial would be prejudicial, he did not withdraw his request for a continuance and insist on a mistrial.

When appellant did appear, his hair was long and he had a beard. Defense counsel asked for a continuance to permit appellant to shave his beard and mustache and cut his hair. Counsel indicated to the court that appellant's disheveled appearance was not of his own choosing and that he had been unable to do anything about it while he had been in custody. He also stated that, for purposes of trial strategy, he preferred that

---

1358 stated that a jury instruction was essential to define the statutory term "uses a firearm." However, it is mere dicta and would seem peculiarly to apply to the facts in *People v. Najera* because the defendant in that case was charged with being "armed" with a deadly weapon. Therefore, the court felt that if, in addition, the defendant was going to be charged with use of a firearm under the California enhancement statute, then it would be incumbent upon the court to explain the difference between using a firearm and being armed.

appellant appear clean–shaven. Later testimony revealed that appellant wore a mustache and longish hair at the time of the crime.

 Appellant contends that the trial court erred in not granting his motion for mistrial. We do not agree. Since it did grant his alternative motion for a continuance, he cannot contend there was error. Furthermore, we do not believe that a defendant can voluntarily absent himself from trial and then by his appearance during the trial force a mistrial. Nor do we believe that the trial court's failure to accommodate defense counsel's trial strategy relative to appellant's appearance constituted reversible error.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.