718 P.2d 214

**STATE of Arizona, Appellee,**

v.

**Gary Louis TYLER, Appellant.**

**No. 1 CA–CR 8560.**

Court of Appeals of Arizona,
Division 1, Department C.

April 8, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and Diane D. Hienton, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

OPINION

CORCORAN, Judge.

Appellant Gary Louis Tyler (defendant) was charged by information on June 25, 1984, with one count of possessing a prohibited weapon in violation of A.R.S. § 13–3102(A)(3), a class 6 felony. Prior to trial, the state alleged two prior felony convictions against the appellant.

At the time of trial, the jury found appellant guilty as charged on October 23, 1984. On November 27, 1984, appellant was sentenced to an aggravated sentence of 4.25 years. Appellant filed a notice of appeal on December 3, 1984.

The facts, taken in a light most favorable to sustaining the verdict below, are as follows. On or about August 27, 1983, defendant possessed a sawed-off shotgun, a prohibited weapon pursuant to A.R.S. § 13–3101(6)(d). Fearing that he was to be arrested soon on other charges, defendant removed the weapon from his mobile home and took it to a neighbor, Henry Harnden, for safekeeping. The neighbor, who was highly intoxicated at the time defendant requested help, took the weapon and stored it in his home. Shortly thereafter, Harnden realized that the sawed-off shotgun was a prohibited weapon and contacted the police. Defendant was thereafter arrested.

On appeal, defendant raises the following issues:

(1) Did the trial court err by refusing to grant a mental examination or the production of medical records concerning a state's witness?

(2) Should the trial court have held a pretrial identification hearing regarding the sawed-off shotgun?

(3) Did the trial court err by allowing the defendant to be impeached with his prior felony convictions?

(4) Did the trial court err in not precluding a state's witness?

(5) Did the trial court err in refusing defendant's requested instruction regarding criminal intent?

(6) Did the trial court err by refusing to give a *Willits* instruction?

Affirmed.

### Mental Examination and Medical Records

The state's key witness in this case was Brian Varvel, a former neighbor of defendant. At the time of the incident, Varvel was suffering from an epileptic condition and was taking medicine prescribed by his doctor. Varvel was no longer taking medication at the time of the trial. Prior to trial, defendant moved to have a mental examination done as to Varvel's competency or, in the alternative, for disclosure of his medical records. Both motions were denied. Defendant claims it was error for the trial court not to grant a mental examination of Varvel to determine competency or not to disclose Varvel's medical records.

■ Under Arizona law, every person is competent to be a witness except as otherwise provided by law. Rule 601, Arizona Rules of Evidence. There was nothing to suggest, apart from the witness' illness, that he was currently incompetent to testify. The determination of whether to require a witness to undergo a mental examination is a matter within the sound discretion of the trial court. *State v. Piatt*, 132 Ariz. 145, 644 P.2d 881 (1981). As the defendant failed to provide an adequate basis for the need for a mental examination of the witness, the trial court determined that a further hearing was not necessary. *See State v. Griffin*, 117 Ariz. 54, 570 P.2d 1067 (1977). The trial court did not abuse its discretion by denying the request for a mental examination.

■ As to the medical records, defendant sought the records to look for grounds to impeach Varvel based upon his medical condition. Generally speaking, justice dictates that a defendant is entitled to the benefit of any reasonable opportunity to prepare his defense. *State ex rel. Corbin v. Superior Court*, 103 Ariz. 465, 445 P.2d 441 (1968). However, whether a criminal defendant is entitled to discover certain evidence is a matter within the trial court's discretion. *State v. Roberts*, 139 Ariz. 117, 120, 677 P.2d 280, 283 (App.1983).

It must initially be noted that Varvel could invoke (and apparently did invoke) a doctor-patient privilege covering his medical records. *See State v. Kevil*, 111 Ariz. 240, 527 P.2d 285 (1974). The record also discloses that the medical records were made available to the court for in-camera inspection. The court ruled that the determination of whether disclosure would be made after Varvel's testimony, yet there is no record of any further discussion on this point. Moreover, the effect of the witness' illness and medication on his memory was a proper subject for cross-examination. Defendant had interviewed the witness prior to trial and Varvel freely disclosed the nature of his illness. Defendant has not shown a compelling substantial need for further discovery where the witness had already told defendant and his attorney about his illness and what medication he had been taking. *See State v. Kevil, supra.* Defendant has shown no abuse of discretion.

### Pretrial Identification of the Gun

■ Defendant claims that he was entitled to a pretrial identification hearing with regard to the sawed-off shotgun pursuant to *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969), *cert. denied*, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970). Defendant claims that allowing witness Varvel to identify the shotgun prior to trial when an officer showed it to him tainted its identification at trial. Defendant cites no authority for this position, nor explains why *Dessureault* should be extended from its role of pretrial personal identification of a defendant to identification of items of evidence. Even if defendant had some basis to request such a hearing, the facts of this case show sufficient indicia of reliability to dispel any possible taint. *See State v. Perkins*, 141 Ariz. 278, 686 P.2d 1248 (1984). Varvel had handled this weapon on several occasions, apparently all within two years of the trial. The weapon in this offense was also undoubtedly distinctive; it

had a barrel cut at an angle, several rust marks along the barrel and the name Linda inscribed upon it. It was therefore not error for the trial court to deny defendant's request.

### Prior Convictions

■ At trial, the defendant was impeached with two prior felony convictions. Defendant had been placed on probation for these offenses, and after an early termination of probation, the judgment had been vacated and his civil rights had been restored. Defendant now claims that, as the judgment had been vacated and probation was terminated early, this implied a finding of rehabilitation, and these prior convictions could not be used against him.

Defendant is incorrect in this assertion. Defendant's prior convictions, which were set aside pursuant to A.R.S. § 13–907, may still be used to impeach him. *State v. Fierson*, 146 Ariz. 287, 289–90, 705 P.2d 1338, 1340–41 (App.1985). As to defendant's claim that his early termination of probation is in effect a finding of rehabilitation, defendant overlooks the fact that he did not receive a pardon, annulment or a certificate of rehabilitation. Rule 609(c), Arizona Rules of Evidence. The early termination or probation is not by itself an equivalent procedure to those enumerated in Rule 609 based on a finding of rehabilitation. *Blankinship v. Duarte*, 137 Ariz. 217, 220, 669 P.2d 994, 997 (App.1983). The trial court correctly allowed the use of defendant's prior felony convictions for impeachment purposes.·

### Discovery Sanctions

■ Maddy Taylor, the manager of the mobile home park where the defendant lived, testified in rebuttal for the state. Taylor's identity was known to the state prior to October 2, 1984, but not disclosed. On October 4, 1984, the state filed a motion for a protective order as they feared for this witness' safety. On October 15, 1984, the witness' identity was disclosed to the defendant. Defendant's attorney contended that he had insufficient time to examine the witness and that she should be precluded from testifying. The trial court considered the matter and ruled that there was sufficient time for the defendant to interview the witness and that discovery sanctions were not appropriate. Trial was set for October 17, 1984, and Taylor testified on October 22, 1984. Defendant now claims that the trial court erred by not invoking the sanction of precluding the witness because of the state's discovery violation.

Rule 15.1(f), Arizona Rules of Criminal Procedure, directs that the state shall disclose the names and addresses of all rebuttal witnesses after receipt of the notice of defenses from the defendant. While a protective order can be granted, delaying the disclosure of the identity of any witness, that disclosure cannot extend beyond five days prior to the date set for trial. Rule 15.5(a). Failure to comply with the provisions of Rule 15 allows the trial court to impose a sanction which it finds just under the circumstances. Rule 15.7(a).

The decision as to which sanction is appropriate under the circumstances is left to the sound discretion of the trial court. *State v. Smith*, 123 Ariz. 243, 252, 599 P.2d 199, 208 (1979). A witness should be precluded only where a less stringent sanction is not applicable. *Id.* Here the trial court found that, under the circumstances, the defendant had enough time prior to this witness' testimony to fully interview the witness and prepare for trial. *See State v. Zuck*, 134 Ariz. 509, 658 P.2d 162 (1982). The trial court's determination will not be reversed on appeal absent a clear showing of abuse of discretion. *State v. Stewart*, 139 Ariz. 50, 676 P.2d 1108 (1984). As there was sufficient time for the defendant to interview the witness and properly prepare for trial, defendant has failed to show any clear abuse of discretion.

### Criminal Intent Instruction

■ At trial, defendant's defense was that he had found the shotgun planted on his premises by Varvel and he took only such possession of it to insure its safe

disposal. Defendant requested an instruction on criminal intent as follows:

It is the position of defendant Gary Tyler that the government has failed to prove beyond a reasonable doubt that he possessed the sawed-off shotgun in question with criminal intent. Rather it is his position that he merely possessed the weapon for a limited period of time for the sole purpose of removing it as a danger to the community. If you find that the government failed to prove beyond a reasonable doubt that the defendant possessed the shotgun in question with criminal intent then you must find the defendant not guilty.

The trial court refused this instruction and instead gave an instruction which included the statutory definition of possession:

A person commits Misconduct Involving Weapons by knowingly possessing, transporting, or transferring a prohibited weapon.

A prohibited weapon includes a shotgun with a barrel length of less than 18 inches, or a shotgun which is as modified has an overall length of less than 26 inches.

Knowingly means with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that his conduct is of that nature, or that the circumstance exists.

It does not require any knowledge of the unlawfulness of the act.

Possessing means knowing to have physical possession or otherwise exercise dominion or control over the property.

Defendant claims that he was entitled to an instruction that would inform the jury that they could not find the defendant guilty if they believed that he possessed the weapon only for the purpose of disposing of it.

A defendant is entitled to an instruction reasonably supported by the evidence. *State v. Crivellone,* 138 Ariz. 437, 675 P.2d 697 (1983). However, an accused is not entitled to have an instruction given to the jury if other instructions given adequately express the same idea. *State v.*

*Romero,* 135 Ariz. 102, 659 P.2d 655 (App. 1982). Here the jury was instructed that, for the possession to be criminal, the defendant needed to exercise dominion or control over the prohibited weapon. The trial court is not required to define terms in instructions when they are ones of ordinary significance. *State v. Bice,* 127 Ariz. 312, 620 P.2d 227 (App.1980). "Control" is defined as "have power over"; "dominion" as "absolute ownership." *Webster's Third New International Dictionary (Unabridged)* 496, 672 (1981). Under defendant's theory of the case, his momentary innocent handling of the gun from his property to a neighbor's property would fail to show the necessary degree of dominion or control to fit the ordinary meaning of those words. Accordingly, the instruction given sufficiently covered defendant's theory of the case. *See State v. Hoskins,* 222 Kan. 436, 565 P.2d 608 (1977); *State v. Neal,* 215 Kan. 737, 529 P.2d 114 (1974).

The trial court also need not give requested instructions which are incorrect statements of law. *State v. Axley,* 132 Ariz. 383, 646 P.2d 268 (1982). The defendant's requested instruction would have informed the jury that they must find he possessed the weapon with criminal intent. Such a mental state is not required by the statute; only knowing possession is required. A.R.S. § 13–3102(A). *See State v. Harmon,* 25 Ariz.App. 137, 541 P.2d 600 (1975). As the defendant's requested instruction was erroneous as a matter of law, it was not error for the trial court to refuse this instruction.

However, where an appropriate instruction is requested by the defendant, the trial court should present it to the jury. The instruction given in *State v. Runnels,* 203 Kan. 513, 456 P.2d 16 (1969), would have been pertinent in this case. The instruction in *Runnels* stated in part that before the defendant could be found guilty, the state must prove beyond a reasonable doubt:

That the defendant ... did wilfully have or keep a pistol in his possession with the intent to control the use and management thereof, or that defendant

did wilfully have a pistol in his control with the power and intent to guide or manage such pistol.

Had defendant requested the above instruction, it would have been proper to give it.

### Willits Instruction

█ At trial, the officer who had taken the gun from Harnden testified on cross-examination that the defendant inquired whether or not he had tested the weapon for fingerprints other than the defendant's. The officer testified that he had not. Defendant now claims that he was entitled to an instruction that, where the state has destroyed any evidence whose contents or quality are an issue, the jury may infer that the true fact is against its interest pursuant to *State v. Willits*, 96 Ariz. 184, 393 P.2d 274 (1964).

█ The trial court did not err by refusing to give a *Willits* instruction. There is no duty to seek out and gain possession of potentially exculpatory evidence, though the state does have a duty to preserve evidence it is aware of where that evidence is obvious, material and reasonably within its grasp. This rule is necessary to assure that the police are neither intentionally selective or exclusive, nor careless, negligent, or lazy in seizing and assuring that preservation of material evidence. *State v. Perez*, 141 Ariz. 459, 687 P.2d 1214 (1984). At the time the weapon was seized, the officer had no reason to know what the defendant's defense would be concerning Varvel. Under the facts of this case, defendant was not entitled to a *Willits* instruction.

For the foregoing reasons, the conviction and sentence are affirmed.

EUBANK, J., concur.

KLEINSCHMIDT, Judge, dissenting:

I respectfully dissent because I believe the instructions given to the jury were inadequate. Innocent and momentary handling of a sawed-off shotgun is, as the majority tacitly acknowledges, a defense to a charge of possession of a prohibited weapon. *State v. Phinis*, 199 Kan. 472, 482, 430 P.2d 251, 259 (1967) (statute forbidding possession of a weapon contemplates proof of possession which is more than innocent handling); *State v. Flaherty*, 400 A.2d 363, 367 (Me.1979) (although particular statute provided defense for innocent handling, such defense is available in the absence of such a statute); *People v. LaPella*, 272 N.Y. 81, 4 N.E.2d 943 (1936) (defendant found prohibited weapon in restroom, possessing it long enough to turn it over to the police. Not considered "possession" within the meaning of the statute).

In this case, the appellant presented evidence that he handled the shotgun only long enough to get rid of it. Since this evidence would warrant an acquittal if believed by the jury, the appellant was entitled to a jury instruction supporting his theory of the case. *State v. Lujan*, 136 Ariz. 102, 104, 664 P.2d 646, 648 (1983). The majority contends that the instructions appellant tendered at trial were incorrect as a matter of law. While it is true that the court need not give requested instructions which are incorrect statements of law, the trial judge nonetheless has an independent duty to instruct the jury upon the law which relates to the facts of the case and matters necessary for the proper consideration of the evidence. Failure of a judge to instruct the jury on a matter vital to the rights of a defendant constitutes fundamental error. *State v. Gamble*, 111 Ariz. 25, 26, 523 P.2d 53, 54 (1974). A defendant is entitled to instructions which precisely and specifically, rather than merely generally, point to the theory of his defense. *United States v. Wolfson*, 573 F.2d 216, 220–21 (5th Cir.1978).

The majority contends, however, that the instructions given the jury adequately covered the defendant's theory of the case. I disagree. The relevant instruction on possession read:

Possessing means knowing to have physical possession or otherwise exercise dominion or control over the property.

Defining "possessing" as having "physical possession" begs the question. Further,

the majority's defining "control" as "having power over" and "dominion" as "absolute ownership" also begs the question. Obviously the appellant had "power over" the shotgun for some period of time; otherwise, he would not have been in a position to dispose of it. For an instruction to be complete in a situation where a defendant presents evidence that his handling of a prohibited weapon was momentary and innocent, it must allow an acquittal if the jury infers that the defendant did not *intend* to control the weapon beyond his innocent and momentary handling. *See State v. Neal*, 215 Kan. 737, 740, 529 P.2d 114, 116 (1974). The instruction in this case never conveyed this idea and it was therefore defective.

None of the cases cited by the majority support its conclusion. The case of *State v. Hoskins*, 222 Kan. 436, 565 P.2d 608 (1977) dealt with the propriety of instructions given on the issue of whether an intoxicated defendant knowingly possessed a prohibited firearm. *State v. Neal* was a case in which a conviction for possession of a firearm was reversed because the trial court failed to instruct the jury that the weapon must be possessed with the intent to control its "use and management." *Neal*, 215 Kan. at 740, 529 P.2d at 116. A similar instruction was approved in *State v. Runnels*, 203 Kan. 513, 515–16, 456 P.2d 16, 19 (1969). While the instructions discussed in *Neal* and *Runnels* are not particularly clear, they do tell the jury that an

intent to control the use and management of the weapon is required. This at least goes further towards advising the jury that the fleeting and innocent possession of a firearm is a defense than did the instruction given in this case, which is entirely silent on the issue of intent.

I have considered the fact that during final arguments the defense contended that the appellant's fleeting possession of the gun did not amount to guilt and that the state rebutted this by highlighting the evidence that tended to show that the appellant had possessed the gun for a long time. Arguments of counsel are no substitute for proper instructions of law. *Taylor v. Kentucky*, 436 U.S. 478, 488–89, 98 S.Ct. 1930, 1936, 56 L.Ed.2d 468, 477 (1978).

While the crime is not one that requires a criminal intent as that term is ordinarily used, the jury was never instructed in any meaningful way that the appellant's defense of momentary and innocent handling was indeed a defense to a charge of possessing a prohibited weapon. In my opinion the trial court should have given the instruction the defense requested. I would remand for a new trial.