NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL JOSEPH KNOX, *Appellant.*

No. 1 CA-CR 13-0442
FILED 09-04-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-006300-002
The Honorable John R. Ditsworth, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

**P O R T L E Y**, Judge:

¶1      This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Daniel Joseph Knox has advised us that he has searched the entire record, has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record. Defendant was given the opportunity and has filed a supplemental brief.

### FACTS[1]

¶2      A neighbor saw three people whom she did not recognize approach the backyard of the home across the street on January 7, 2012. She called the police and subsequently heard banging noises from behind the house.

¶3      Phoenix Police Officer Lamont Cox responded, went to the house, detained one suspect, and, by radio, provided the description of the other two individuals. Officer John Meyer responded and apprehended Knox. The neighbor subsequently identified Knox as one of the three people she saw earlier.

¶4      Knox was charged with burglary in the third degree, tried, and found guilty by a jury of the class four felony. His sentence was suspended, and he was placed on probation for three years and ordered to pay restitution of $1000 to the victim at the rate of $50 per month beginning July 1, 2013.

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the [D]efendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

¶5        We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

### I.        Rule 20/Sufficiency of the Evidence

¶6        Knox argues that the superior court erred by denying his Arizona Rule of Criminal Procedure ("Rule") 20 motion for judgment of acquittal.  We disagree.

¶7        We review the denial of a Rule 20 motion de novo and view the facts in the light most favorable to sustaining the judgment.  *State v. West,* 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011).  We will affirm the ruling if supported by substantial evidence.  *State v. Pena,* 209 Ariz. 503, 505, ¶ 7, 104 P.3d 873, 875 (App. 2005).  Substantial evidence is "proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt."  *Id.* (citation omitted) (internal quotation marks omitted).

¶8        A person commits burglary in the third degree by "[e]ntering or remaining unlawfully in or on a nonresidential structure or in a fenced commercial or residential yard with the intent to commit any theft or any felony therein."  A.R.S. § 13-1506.  An act is unlawful if the person's "intent for so entering or remaining is not licensed, authorized or otherwise privileged."  A.R.S. § 13-1501(2).

¶9        Here, the neighbor testified that she observed Knox and the others approach the victim's backyard.  The victim's adult son testified that his mother, the owner of the house, was living with him because she was ill and he was taking care of her house.  He stated that he had no knowledge that anyone had permission to enter the backyard which was completely fenced, and he had not given Knox or others permission to be in the backyard.  He also testified that after receiving a call from the neighbor about the intrusion, he went to the house and found that that his mother's window was bent and pulled out and the window crank was broken.  Based on the trial testimony, there was substantial evidence to allow the jury to determine whether Knox had unlawfully, and without permission, entered into a fenced residential yard with the intent to commit a theft or other

---

[2] We cite the current version of the applicable statutes absent any changes material to this decision.

felony; the requisite elements of burglary. *See id.; see also* A.R.S. § 13-1506; *State v. Rodriguez,* 114 Ariz. 331, 333, 560 P.2d 1238, 1240 (1977) ("[S]pecific intent to do an act may be inferred from the circumstances of the doing of the act itself."). Accordingly, the court did not err by denying the Rule 20 motion.

**¶10** Knox also challenges the sufficiency of the evidence on the grounds that (1) he was not identified or could not be placed at the residence, and (2) the homeowner did not testify. Knox, however, was identified by the neighbor who saw him go into her neighbor's backyard, described him to the police and later identified him. There was, as a result, substantial evidence for the jury to conclude beyond a reasonable doubt that he was involved in the burglary.

**¶11** Moreover, although the victim did not testify, there is no legal requirement for her to testify. The victim's adult son was responsible for the property while his mother was ill and living with him, and he testified about his observations at the house both before and after the intrusion by Knox. His testimony, with the other testimony, was sufficient to allow the jury to determine whether the State had proved its case beyond a reasonable doubt.

**¶12** Knox also claims that the court erred by allowing the victim's adult son to testify to hearsay information. Specifically, Knox argues that the son should not have been allowed to testify that he did not have any knowledge of his mother giving anyone permission to be in the backyard.

**¶13** The son's testimony was not, however, hearsay. He did not testify about what his mother said outside of the courtroom, which would be classic hearsay. Arizona Rules of Evidence 801(c). Instead, he testified about his knowledge — that he did not know that his mother had given anyone permission to be in the backyard. Consequently, the court did not abuse its discretion by allowing the son to testify about his knowledge.

## II. Other Errors

**¶14** Knox also raises a number of arguments that were not raised at trial. Specifically, he contends that: (1) the State failed to find exculpatory evidence; (2) the State failed to provide a *Brady* list; and (3) the State engaged in prosecutorial misconduct. When a defendant fails to object to an issue at trial, our review of that issue is limited to fundamental prejudicial error. *State v. Henderson,* 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). Fundamental error is "error going to the foundation of the case,

error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* at ¶ 20.

## A.     Exculpatory Evidence

**¶15**          Knox argues that the State failed to acquire exculpatory evidence in support of his defense.  Specifically, he contends he was prejudiced because the police failed to investigate the crime scene and failed to take a photograph of a gap in the victim's backyard fence.  He also contends, as a result, that the court erred by failing to give a jury instruction regarding exculpatory evidence.

**¶16**          The State does not have a duty "to seek out and gain possession of potentially exculpatory evidence," *State v. Tyler*, 149 Ariz. 312, 317, 718 P.2d 214, 219 (App. 1986), but needs to disclose any exculpatory evidence if it exists.  Ariz. R. Crim. P. 15.1(b)(8).  However, the State must preserve material evidence that it is aware of and is reasonably within its grasp.  *State v. Perez*, 141 Ariz. 459, 463, 687 P.2d 1214, 1218 (1984).  If the State "negligently fail[s] to preserve potentially exculpatory evidence, an instruction pursuant to *State v. Willits,* 96 Ariz. 184, 393 P.2d 274 (1964), permits the jury to infer that the evidence would have been exculpatory." *State v. Fulminante*, 193 Ariz. 485, ¶ 62, 503, 975 P.2d 75, 93 (1999).

**¶17**          A *Willits* instruction is proper if a defendant can demonstrate "(1) that the state failed to preserve material evidence that was accessible and might tend to exonerate him, and (2) resulting prejudice." *Id.* (quoting *State v. Leslie,* 147 Ariz. 38, 47, 708 P.2d 719, 728 (1985)).  A defendant may not receive a *Willits* instruction "merely because a more exhaustive investigation could have been made." *State v. Murray*, 184 Ariz. 9, 33, 906 P.2d 542, 566 (1995).  After all, "in almost every case prosecuted, the claim can be made that the investigation could have been better." *State v. Willcoxson*, 156 Ariz. 343, 346, 751 P.2d 1385, 1388 (App. 1987) ("Whether [a *Willits*] instruction is necessary depends on a judgment as to how central the issue is to the case and how much better or more important the 'missing' evidence might have been than the evidence that was introduced.").

**¶18**          Here, the police officers conducted an investigation of the scene by interviewing the homeowner's son about the condition of the yard and house. The son testified that the residential yard was fenced, and Knox was allowed to cross-examine him.

¶19        Although Knox complains that the police did not take pictures of the fence, the police were not required to take pictures of the fence. Knox was free to cross-examine the officers and the homeowner's son about the hole in the fence. *See Willcoxson*, 156 Ariz. at 346, 751 P.2d at 1388 ("We do not believe that a failure to pursue every lead or gather every conceivable bit of physical evidence will require a *Willits* instruction."). But, even if the police had taken a photograph of the hole in the fence, neither the hole nor the photograph would have given Knox permission to be in the homeowner's fenced back yard. Moreover, there was no evidence that Knox had permission to be in the fenced back yard. Accordingly, the court was not required to give an instruction about exculpatory evidence or a *Willits* instruction.

### B.        *Brady* List

¶20        Knox next claims he was entitled to review the personnel files of the testifying officer to determine whether there was any information that could impeach their credibility. *State v. Acinelli,* 191 Ariz. 66, 71, 952 P.2d 304, 309 (App. 1997). We disagree.

¶21        Knox failed to request the personnel files of the testifying officers. He never argued that he had information that could be in the files that could purportedly impeach the credibility of the officers. *See id.* (adopting the proposition that mere speculation that Brady material may exist is insufficient to require disclosure). Moreover, given the nature of the case — the police respond to a 9-1-1 call; the neighbor points out the intruders; the police find Knox and he is later identified by the neighbor — we find no error.

### C.        Prosecutorial Misconduct

¶22        Knox also contends that the prosecutor committed misconduct when he misidentified an item during closing argument. Specifically, Knox argues the prosecutor incorrectly named an item a "bed mattress" when it was actually a "box spring." We find no misconduct.

¶23        Prosecutorial misconduct requires that a defendant demonstrate that the prosecutor's conduct was so egregious that it infected the trial with unfairness and resulted in a conviction. *State v. Roque*, 213 Ariz. 193, 228, 141 P.3d 368, 403 (2006). Here, the homeowner's son testified that one of the items in the backyard was a metal bed frame. During closing argument, the State referred to the metal bed frame, but never referred to a "bed mattress." But, even if the State had referred to a "bed mattress" during closing argument, we would not find any error. The jury heard the

testimony and the court properly instructed them that the arguments were not evidence; and we presume the jury follows the instructions. *State v. Reyes*, 232 Ariz. 468, 471, ¶ 7, 307 P.3d 35, 38 (App. 2013) (quoting *State v. Newell,* 212 Ariz. 389, 403, ¶ 68, 132 P.3d 833, 847 (2006)). Therefore, we find no error.

### III.   Ineffective Assistance of Counsel

**¶24**     Finally, Knox contends that because of staffing issues at the private law firm retained to represent him, he received ineffective assistance of counsel. Knox can only raise the ineffective assistance of counsel claim in a petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002) ("[I]neffective assistance of counsel claims are to be brought in Rule 32 proceedings. . . . [C]laims improvidently raised in a direct appeal, henceforth, will not be addressed by appellate courts regardless of merit."). Consequently, we will not review the issue.

**¶25**     We have addressed the issues in the supplemental brief and have also reviewed and searched the entire record for reversible error. We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Knox was represented by counsel at all stages of the proceedings, and the suspended sentence was authorized by law.

**¶26**     After this decision is filed, counsel's obligation to represent Knox in this appeal has ended. Counsel must only inform Knox of the status of the appeal and his future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Knox may, if he desires, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

**CONCLUSION**

¶27       Accordingly, we affirm Knox's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: gsh