NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL VERNON SCOTT, *Appellant.*

No. 1 CA-CR 15-0382
FILED 12-22-2016

Appeal from the Superior Court in Yavapai County
No. P1300CR201400436
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By W. Scott Simon
*Counsel for Appellee*

Yavapai County Public Defender's Office, Prescott
By John Napper, Andrew R. Falick
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge John C. Gemmill[1] delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jon W. Thompson joined.

---

**G E M M I L L**, Judge:

**¶1**  Daniel Vernon Scott appeals his conviction and sentence for one count of disorderly conduct with a deadly weapon, domestic violence related. Scott argues the superior court erred in denying his pretrial motions to compel production of ten years of the victim's mental health records for an in camera inspection. He also contends the court erred by limiting use of evidence of the victim's past interactions with law enforcement. For the following reasons, we affirm.

### BACKGROUND

**¶2**  We view the facts and all reasonable inferences therefrom in the light most favorable to upholding the verdict. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶2 (App. 2015).

**¶3**  Scott and J.S. ("Victim"), a married couple, were involved in a physical altercation on or about May 3, 2014. The State indicted Scott on two counts of aggravated assault, domestic violence related, each a Class 3 felony, and two counts of misconduct involving weapons, each a Class 4 felony.

**¶4**  Scott acknowledges Victim was injured and that he discharged a firearm during the incident. It is undisputed that Victim suffers from paranoid schizophrenia and takes medication to subdue the effects, including "auditory hallucinations." On cross examination, Victim admitted to a prior arrest for aggravated assault against Scott, a diagnosis of paranoid schizophrenia, a prior commitment to a mental institution, and a susceptibility toward confusion and memory loss. Scott claimed Victim attacked him and his reaction was in self-defense. He was permitted to testify to prior attacks by Victim, her descriptions of the violent content of

---

[1] The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

the voices in her head, and his knowledge of her past diagnoses and prescriptions.

¶5          The jury found Scott guilty of a single count of the lesser included offense of disorderly conduct with a deadly weapon, domestic violence related.[2]  The superior court imposed a sentence of two years' imprisonment with 389 days of presentence incarceration credit.  Scott timely appeals.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## ANALYSIS

### I.          Denial of Request for Victim's Mental Health Records

¶6          Scott argues the court erred in denying his pretrial motion to compel discovery of Victim's mental health records for an in camera review. He contends the records were crucial to his defense and relevant for impeachment purposes.  We disagree.

¶7          Whether a criminal defendant is entitled to discovery of certain evidence, including mental health records, is a matter entrusted to the superior court's sound discretion. *State v. Tyler*, 149 Ariz. 312, 314 (App. 1986).  This court will not disturb a ruling on a discovery request absent an abuse of that discretion. *State v. Fields*, 196 Ariz. 580, 582, ¶ 4 (App. 1999). "To the extent [Scott] sets forth a constitutional claim in which he asserts that the information is necessary to his defense, however, we will conduct a de novo review." *State v. Connor*, 215 Ariz. 553, 557, ¶ 6 (App. 2007).

¶8          It is well-established that there is no general federal or state constitutional right to pretrial discovery. *State v. O'Neil*, 172 Ariz. 180, 182 (App. 1991).   Additionally, a victim of a crime generally "has the right to refuse to hand over medical records, pursuant to Arizona's Victims' Bill of Rights." *State v. Sarullo*, 219 Ariz. 431, 437, ¶ 20 (App. 2008); *see also* Ariz. Const. art. 2, § 2.1(A)(5).  This right is not absolute, and in some cases a victim's rights may be outweighed by a defendant's due process rights. *See State ex rel. Romley v. Superior Court (Roper)*, 172 Ariz. 232, 240 (App. 1992).

¶9          To the extent a victim's rights restrict a defendant's access to information "essential to preparation for effective, reasonable cross-examination or impeachment of the victim," such restrictions "must be

---

[2]          Upon pretrial motion by the State, the superior court dismissed the two allegations of misconduct involving weapons, Counts 3 and 4 of the indictment.

proportionate to the interest of protecting the victim as balanced against the defendant's due process right to a fundamentally fair trial." *Roper*, 172 Ariz. at 240. Further, the defendant has to demonstrate a "substantial need" for the information that "would, at least potentially, amount to one of constitutional dimension." *Connor*, 215 Ariz. at 561, ¶ 22. As such, the superior court must weigh a defendant's proffered need with a victim's established rights.

¶10 Before trial, Scott filed motions and offers of proof requesting that the court order Victim to disclose all of her mental health records from the previous ten years for an in camera review. He argued that the mental health records might contain exculpatory evidence and would support his claim of self-defense. In response, the State argued that Scott failed to meet his burden of establishing the necessity of the records because his incriminating statements to police on the night of the incident contradicted his theory of self-defense, rendering Victim's mental health issues irrelevant.

¶11 After an evidentiary hearing on December 3, 2014, the court denied Scott's motion for the following reasons: 1) Victim had not waived her physician-patient privilege; 2) Scott's offer of proof fell short of a "constitutional" need as described in *Connor*; and 3) the court had no authority to order the records from the Veterans Administration ("VA"), a federal agency. We need not address each of the superior court's reasons for denying the motion because we may affirm such a ruling if the result is legally correct on any basis. *See State v. Carlson*, 237 Ariz. 381, 387, ¶ 7 (2015). Scott argues on appeal that his rights to present a complete defense and to cross-examine witnesses outweigh Victim's constitutional protections. We conclude that the superior court did not err in denying Scott's request for Victim's mental health records on the basis of the Victims' Bill of Rights. Because of our resolution of this issue, we need not address Victim's statutory privileges, nor the potential waiver thereof. [3]

¶12 Scott speculates that the "records contain information that would call into question the victim's ability to perceive events and would have provided impeachment of her testimony." However, Scott provides no basis for the court to conclude that the mental health records he sought contained impeachment evidence beyond what he already knew, or beyond

---

[3] The State asserts that the records sought were protected by the physician-patient privilege, A.R.S. § 13-4062(4), and perhaps also by the psychologist-client privilege, A.R.S. § 32-2085.

that which Victim admitted in her pretrial interview with the State's investigator, or beyond that which Scott developed during an extensive cross-examination of Victim. "[M]ere conjecture without more that certain information might be useful as exculpatory evidence is not sufficient to reverse a trial court's denial of a request for disclosure." *State v. Hatton*, 116 Ariz. 142, 150 (1977). Further, the jury received ample evidence from which it could infer Victim's perception and memory of the assault were affected; thus, mental health records and prescriptions issued years before the assault, offered for impeachment, could properly be excluded as collateral and cumulative. *See Tyler*, 149 Ariz. at 314 (no abuse of discretion in denying discovery of medical records where effect of witness's illness and medication on his memory was already known by defendant). Scott was permitted to cross-examine Victim without restriction regarding her mental-health condition and medications, and we therefore discern no error in the superior court declining to order an in camera review of her mental health records for the past ten years.

¶13 Additionally, the record demonstrates the court's efforts to strike a proper balance between Scott's rights and Victim's rights. On April 4, 2015, the court reconsidered the request for Victim's mental health records after learning she had divulged certain mental health issues during an interview with a State investigator. Without specifically addressing whether the interview constituted a waiver of privilege, the court ruled that it did not affect its decision to deny Scott's request for an order compelling production of the VA mental health records.[4] Nevertheless, the court stated that it "could see some relevance" in medical information from two months prior to and including the date of the incident, and the court therefore ordered Victim to disclose to Scott any medical records in her possession, including prescriptions.[5] Further, the superior court considered an additional offer of proof on this matter on April 24, 2015, the third day of trial, after the State rested its case. The record demonstrates that the court considered and weighed the evidence presented in Scott's offers of proof and at the evidentiary hearings before denying the request to compel

---

[4]   We express no opinion regarding whether a defendant's due process rights may override statutory privileges because, as noted previously, we resolve this issue on the basis of the Victims' Bill of Rights.

[5]   The record does not reveal whether Victim disclosed any medical information pursuant to this order.

Victim's mental health records for in camera review. We conclude the court committed no abuse of discretion or constitutional or legal error.

## II.    Other Act Evidence

**¶14**       An appellate court "will not reverse the [trial] court's rulings on issues of the relevance and admissibility of evidence absent a clear abuse of its considerable discretion." *State v. Davis*, 205 Ariz. 174, 178, ¶ 23 (App. 2002). A conviction will not be reversed for evidentiary error unless this Court determines that there exists a "reasonable probability" that the jury's verdict would have been different had the improperly excluded evidence been admitted. *State v. Van Adams*, 194 Ariz. 408, 416, ¶ 23 (1999).

**¶15**       When a defendant argues self-defense, specific acts of violence by the victim are admissible if known to the defendant and offered to prove the defendant's state of mind. *See State v. Santanna*, 153 Ariz. 147, 149 (1987); *see also* Ariz. R. Evid. 404(b). When making a Rule 404(b) determination, the superior court must determine whether the evidence is "clear and convincing as to the conduct and that the person alleged to have committed it did so, although ultimately those facts are left to the jury to decide if the evidence is admitted." *State v. Fish*, 222 Ariz. 109, 123, ¶ 43 (App. 2009). Next, the superior court must determine whether the evidence: 1) is offered for a proper purpose; 2) is relevant to prove the stated purpose; and 3) has sufficient probative value that is not outweighed by undue prejudice under Rule 403. *Id.*

**¶16**       Specific acts by the victim that influence the defendant's state of mind are admissible

> only if the defendant knew of them . . . or if they are directed toward third persons relating to or growing out of the same transaction, or so proximate in time and place and circumstances as would legitimately reflect upon the conduct or motives of the parties at the time of the affray.

*Connor*, 215 Ariz. at 559, ¶ 13 (quoting *State v. Zamora*, 140 Ariz. 338, 341 (App. 1984)). Evidence of an alleged act may be precluded if it relates to a single act and could potentially distract jurors and unfairly prejudice the victim. *Fish*, 222 Ariz. at 121, ¶ 34.

**¶17**       Scott sought to admit specific instances of Victim's interactions with law enforcement, including complaints, arrests, and

booking photos from 2006-2013.[6]  The superior court denied Scott's initial motion, finding the acts referenced were not "relevant to prove the issue of self-defense, per Rule 403."  Scott filed a motion to reconsider, and, after hearing further argument by both parties, the superior court permitted, as relevant regarding self-defense, testimony and evidence of Victim's prior arrest for aggravated assault directed toward Scott.  The court excluded the other instances of other act evidence as irrelevant, explaining:

> Now, that doesn't mean the defendant can't testify that he knew about these other potential incidences, should he choose to testify, but I think in purpose of the case-in-chief, they're too old; they're disorderly, but I don't find them to be aggressive behavior.  And you don't get to act out against someone because they're disrupting the peace.  That's what she was charged with, and those issues do not rise to the level of 404(b).  I don't think they're relevant.  I think they're just being used to try and muddy the victim, and I don't think that's appropriate under 404.

The court further clarified that if Scott chose to testify, he could mention other known instances of violence, diagnoses, medications and the like, but in his case-in-chief, "for purposes of 404(b), to show that . . . his actions were based on some prior fear or belief that self-defense was necessary, and keeping it to that narrow focus, I'm only finding the [2013 aggravated assault] case applies."

**¶18**　　　　　On this record, the superior court evaluated the evidence in accordance with the rules of evidence and acted within its broad discretion in precluding some of Victim's past interactions with law enforcement as irrelevant to Scott's claim of self-defense.

---

[6]　　In support of the initial Rule 404(b) factor, the State did not dispute that Victim was the subject of the law enforcement encounters proffered by Scott.

## CONCLUSION

¶19       For the forgoing reasons, we affirm Scott's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:  AA