THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER LA PELLA, Appellant.

(Argued October 14, 1936; decided November 24, 1936.)

82

*George J. Todaro* for appellant.

*William Copeland Dodge*, District Attorney (*Ambrose J. Delehanty* of counsel), for respondent.

*Per Curiam.* Defendant has been convicted of the crime of having and carrying a firearm concealed upon his person, without a license therefor, after having been convicted of a crime. (Penal Law, § 1897, subd. 5.) He offered evidence that, having found the weapon in a public toilet room, he had put it in his pocket, intending to deliver it to the police, after keeping an appointment with his wife at a nearby street corner. Without request or

suggestion, the weapon was there surrendered by the defendant to a detective. This, the defendant says, was twenty minutes after he had found it.

The sole question here presented is that raised by the refusal of the trial court to instruct the jury, " that if this defendant found this pistol as claimed by him, and if he thereafter took this gun for the purpose of delivering it to an officer or to a police station, that he was performing a civic duty, and that such possession was not the possession intended by Section 1897." We think this ruling was error. The " possession " forbidden by the statute " should not be construed to mean a possession * * * which might result temporarily and incidentally from the performance of some lawful act " (*People* v. *Persce*, 204 N. Y. 397, 402), particularly when, as is here claimed, the act was designed to meet the social policy of the law.

The judgments should be reversed and a new trial ordered.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., taking no part.

Judgments reversed, etc.