THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL J. FUREY, Appellant.

First Department, July 6, 1961.

*Arthur Layton* for appellant.

*Walter E. Dillon,* of counsel (*Isidore Dollinger, District Attorney*), for respondent.

BOTEIN, P. J.  Defendant has been convicted, after trial, of violation of subdivision 4 of section 1897, of the Penal Law (possession of a firearm after having been previously convicted of crime).  There was adequate evidence to support the essential jury finding that defendant had previously been convicted of the crime of petit larceny.

A passerby named Willard Reese testified that at about 3:00 A. M. one morning he observed defendant proceeding along Westchester Avenue, carrying an unloaded pistol in clear view and clicking it as he walked.  Reese arranged that the police be notified and a radio patrol car responded immediately.  One of the police officers who had been in the patrol car testified that as he emerged from the car defendant threw the pistol over his shoulder.  The officer recovered the gun and placed defendant under arrest.

Defendant testified that while walking he saw " this shiny object in the street "— the pistol recovered by the officer — and picked it up.  He had only walked about a block, squeezing the trigger as he went along, when he saw the police car and dropped the gun to the ground.  When questioned at the police station he testified he had never owned a gun and had never seen the gun that had been received in evidence before he observed it in the street.

In defining the crime, the Trial Judge charged essentially, without exception, the language of subdivision 4 of section 1897 of the Penal Law, which reads as follows: " Any person over the age of sixteen years, who shall have in his possession in any city, village or town of this state, any pistol, revolver or other firearm of a size which may be concealed upon the person, without a written license therefor, issued to him as hereinafter prescribed, shall be guilty of a misdemeanor, and if he has been previously convicted of any crime he shall be guilty of a felony."

Later on he charged that " [i]f you find that he had it [the pistol] and has been convicted of a crime previously, he is guilty of a felony."  It will be noted that these instructions, if followed literally, left the jury with no alternative other than to convict, since defendant admitted brief possession and there was no leeway given the jury to find an innocent possession.

Some time after it had retired, the jury, evidently concerned about the legal implications of naked possession, returned with the question: " Your Honor, does the possession of a gun without a permit constitute a crime, regardless of the manner in which possession is secured and regardless of the intent to

retain possession?" In response, again without exception, the Trial Judge stated: "Ladies and gentlemen, I read you this very short section of the Penal Law. It is self-explanatory. It says nothing about intent to retain possession or intent to do anything." And once again the Judge read subdivision 4 of section 1897.

This is not a case, as contended by defendant, in which the trial court did not amplify or clarify a charge that from the tenor of the jurors' request had evidently left them confused or in doubt (*People* v. *Gonzales*, 293 N. Y. 259; *People* v. *Gezzo*, 307 N. Y. 385). To the contrary, he had resolved their doubts, as evidenced by the fact that the foreman assured the court that "re-reading the law constitutes a complete answer to the question."

The difficulty with the Judge's answer is that in clearing away the jurors' confusion he instructed them erroneously. In *People* v. *La Pella* (272 N. Y. 81) it was held that there may be an excuse for possession of a prohibited weapon, such as finding it and carrying it for the purpose of delivering it to the police. As was stated in *People* v. *Persce* (204 N. Y. 397, 402): "Of course, the possession which is meant is a knowing and voluntary one, as the Trial Judge explicitly charged * * *. And on the contrary, it clearly should not be construed to mean a possession for instance * * * which might result temporarily and incidentally from the performance of some lawful act, as disarming a wrongful offender." (See, also, *People* v. *Adler*, 2 N Y 2d 968.)

In *People* v. *Harmon* (7 A D 2d 159) a judgment of conviction was reversed where defendant claimed he came into possession of a blackjack by taking it from another person in the course of a fight, shortly before its seizure by the police. He stated that he had intended to turn the blackjack over to his father. In the main charge, on the issue of possession the court paraphrased a portion of section 1897. In refusing a technically incorrect request by defendant to charge concerning what might constitute lawful possession, the Trial Judge had stated he could only refer back to the statute. After noting this, the Appellate Division said: "However, the court's reference back to the statute left before the jury the sole question of whether or not the blackjack was in the defendant's possession" (p. 161).

After the jury had retired, it returned and requested further instructions revolving about defense counsel's above-mentioned request. The court responded by having the reporter read the language of the appropriate subdivision of section 1897. In

disapproving this means of answering the jury's request, the court said: "Except for the meager statement in the quoted request of defendant that the jury must be convinced that possession was illegal in order to convict, the defendant's excuse for possession was not submitted or explained to the jury" (p. 162).

It is clear that in this case the jury was giving earnest consideration to defendant's explanation for his possession of the gun; and it in effect inquired very acutely whether if it believed his explanation, defendant would be guilty of the crime charged. Certainly the trial court was required to instruct the jury that the meaning of the word "possession"—an essential element of the crime defined in section 1897—does not turn upon a physical handling of the prohibited weapon alone. In a strong line of cases the statute has been construed as accommodating many varieties of innocent possession, and the jury should have been instructed accordingly.

The judgment of conviction should be reversed, on the law and the facts, and a new trial ordered.

BREITEL, RABIN, STEVENS and EAGER, JJ., concur.

Judgment of conviction unanimously reversed upon the law and upon the facts and a new trial ordered.