THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES OLIVER, True Name WALTER OLIVER, Appellant.— Concur — Stevens, P. J., Eager, McGivern and Tilzer, JJ.; Nunez, J., dissents and votes to reverse on the appeal from the judgment of conviction in the following memorandum: I would reverse. Defendant stands convicted of the unlawful possession of a weapon. Although defendant conceded physical temporary possession of the revolver, the uncontradicted evidence established that he wrested the revolver from an intoxicated companion, Raymond Schultz, to prevent its further use by Schultz who had already discharged it once. The law is clear that the possession forbidden by the statute " should not be construed to mean a possession * * * which might result temporarily and incidentally from the performance

522

of some lawful act". (*People* v. *Persce,* 204 N. Y. 397, 402.) And in *People* v. *Furey* (13 A D 2d 412, 415) our court stated: " In a strong line of cases the statute has been construed as accommodating many varieties of innocent possession ". Sections 35.00 and 35.05 of the Penal Law define the defense of justification to include " conduct  *  *  *  necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor". Section 25.00 of the Penal Law provides that once such a defense is raised, the People have the burden of disproving the defense beyond a reasonable doubt. In this case not only was such a defense raised, it was established by the uncontradicted testimony of eyewitnesses. Not only did the prosecution fail to disprove it beyond a reasonable doubt, it made no attempt to disprove it at all. In *People* v. *Quintana* (260 App. Div. 13 [First Dept., 1940]) the defendant was convicted of possession of a blackjack. The defendant testified that he had found the blackjack in the course of his duties as a conductor on the subway, had placed it in his pocket and thereafter forgotten to turn it into the company's office as required by its rules. This court in reversing defendant's conviction held that upon such testimony the evidence showed that the defendant had picked up the blackjack for the purpose of turning it over to his employer and that possession thereof occurred only in connection with the performance of a civic duty on the part of the defendant. (See, also, *People* v. *La Pella,* 272 N. Y. 81, 83 [1936].) In the case at bar defendant was performing a civic duty in disarming a drunken man who had already once senselessly fired the revolver on the street.