■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE MESSADO, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 24, 1974, convicting the defendant, after a jury trial, of the crime of possession of a weapon as a felony, reversed, on the law and in the interest of justice, and a new trial directed. The defendant, Tyrone Messado, owned a tailor shop and had known Derek Brown (also known as Nathaniel Derek Isler) and Leroy Peart, fellow West Indians, for quite some time. On August 24, 1972, both Brown and Peart entered Messado's shop and Peart asked Messado for the money which he owed. The dispute among the three parties became rather heated, a gun was drawn, and after a struggle for control of the weapon, during which time the gun discharged several times, both Peart and Brown were wounded and Brown ultimately died of these wounds. There was conflicting testimony at the trial as to whether Brown or Messado possessed the gun. Defendant was indicted for the crimes of murder of Derek Brown, assault in the first degree committed against Leroy Peart, and possession of a weapon as a felony. He was acquitted of all of the crimes submitted for the consideration of the jury but for the crime of possession of a weapon as a felony. The trial court, in charging the jury on the law, charged the defense of justification as to the crimes of violence. The court failed to include in its charge as to the possessory count the instruction that temporary possession of a weapon, properly explained, does not constitute a crime. The language of the Penal Law (§ 265.05) does not require the People to prove *mens rea* as an element of the crime of possession of a weapon as a felony. Nevertheless, if possession is incidental to disarming a wrongful possessor *(People v Persce,* 204 NY 397, 402; cf. *People v Adler,* 2 NY2d 968) or in self-defense *(People v Harmon,* 7 AD2d 159), the offer of such explanation must be allowed by the court and the jury must be instructed as to the parameters of the defense being offered (see *People v Furey,* 13 AD2d 412). In the case at bar, the initial ownership and subsequent possession of the gun involved questions of fact. Clearly, the jury by acquitting defendant of all the other counts submitted found the defense of justification to be viable. The failure of the court to instruct the jury more fully on the weapons count and to allow their consideration of defendant's explanation of possession of the weapon as a defense to that crime was error. Concur—Stevens, P. J., Murphy, Lupiano and Lane, JJ.; Nunez, J., dissents and votes to affirm.