■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW SCOTT, Appellant, v NEW YORK STATE DEPARTMENT OF PAROLE et al., Respondents. —Judgment unanimously affirmed. Memorandum: Relator was denied parole on October 30, 1975. This appeal is from a dismissal of his writ of habeas corpus, the essence of which was that the Parole Board denial of his parole was not given in a meaningful and adequate manner. It has been consistently held that habeas corpus is not the proper procedure to raise this issue and we treat the matter as an article 78 proceeding (Matter of Greene v Smith, 52 AD2d 292, app dsmd 40 NY2d 826). The following reasons were given by the Parole Board for the denial of parole: "The Parole Board, in reviewing your case, felt that the serious assaultive nature of your present offense, along with your prior assaultive record, indicated that you, if released, would not remain at liberty without violating the law and, that your release would not be compatible with the welfare of society. It is my opinion that the Parole Board took into consideration all the aspects of your case, including your past pattern of criminal behavior, your institutional adjustment and your future potentials in the community, and acted appropriately when they decided that you were a poor parole risk and that you should be given additional time to gain insight into your past pattern of behavior and take the necessary steps to deal with the problem which led you to become a menace to the safety of others in the community." These reasons are sufficient to comply with the standard set forth in Matter of Watkins v Caldwell (54 AD2d 42). (Appeal from judgment of Cayuga Supreme Court—habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS SINGLETEARY, JR., Appellant.—Judgment unanimously reversed, on the law and facts, and a new trial granted. Memorandum: Although defendant was indicted for intentional murder, manslaughter in the first degree, and two counts of possession of a weapon, he was ultimately found guilty only of possession of a weapon in violation of subdivision 2 of section 265.05 of the Penal Law. Upon the testimony produced at trial there were sufficient facts for the jury to find that defendant's possession of the gun was momentary and only occurred when he wrested the weapon from the deceased. In this situation the court's failure to charge as requested, that temporary possession of a weapon for a lawful purpose would not contravene subdivision 2 of section 265.05 of the Penal Law was reversible error (People v La Pella, 272 NY 81; People v Persce, 204 NY 397; People v Furey, 13 AD2d 412; People v Harmon, 7 AD2d 159). (Appeal from judgment of Onondaga County Court—possession of weapon.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.