■ BONITA B. BELZ, Appellant, v LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents.—Order unanimously affirmed, without costs, for the reasons stated in the memorandum at Special Term, Ricotta, J. (Appeal from order of Erie Supreme Court—discontinue action.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAYES, Appellant.—Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Defendant has been convicted of criminal possession of a dangerous weapon (a revolver) in the third degree. After a court-ordered psychiatric examination, defendant was permitted to represent himself, with court-appointed counsel present. Defendant testified that he obtained the gun when he disarmed the barmaid in a tavern in which he was drinking when she menaced him with it because he threatened to leave the tavern without her. He testified that he placed the weapon in his belt intending to leave the gun behind the bar after the barmaid left for the evening. On cross-examination the prosecutor elicited defendant's admission that he told the psychiatrist that he obtained the gun, not from the barmaid, but as collateral for a loan to an Indian. After a few intervening questions, defendant's counsel objected but the court overruled the objection as untimely. Use of the statements made to the court-appointed psychiatrist was a violation of CPL 730.20 (subd 6) and once the objection was made the court should have stricken the questions and answers and given an appropriate instruction to the jury. Furthermore, on the basis of defendant's testimony, which the jury was entitled to believe, the court should have granted defendant's request and instructed the jury on the issue of whether defendant's possession of the weapon was justified (see *People v Singleteary,* 54 AD2d 1088; *People v Messado,* 49 AD2d 560; *People v Furey,* 13 AD2d 412). (Appeal from judgment of Erie Supreme Court—possession of weapon.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.