■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VENANZIO ANGELO MASCITTI, Also Known as VINCENT J. MAS-CITTI, Appellant.—Judgment affirmed. Memorandum: Viewing the evidence in a light most favorable to defendant (see, People v Steele, 26 NY2d 526, 529), the failure to grant defendant's request to charge the jury on innocent possession of a firearm does not constitute reversible error. There is no proof in the record showing that defendant had a legal excuse for having the weapon in his possession. He acknowledged that while other people were present in a relatively small room, he became agitated, said he was going to shoot the clock, picked up the gun which he knew contained bullets, aimed it at the clock and pulled the trigger. The gun discharged and a bullet struck the clock. On such evidence, an innocent possession charge was not warranted (see, People v Williams, 50 NY2d 1043).

All concur, except Callahan and Schnepp, JJ., who dissent and vote to reverse and grant a new trial, in the following memorandum.

Callahan and Schnepp, JJ. (dissenting). We vote to reverse and grant a new trial. In appealing from a conviction of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that had the jury been allowed to consider his defense of temporary and innocent possession, as requested, he would have been acquitted on the possession charge, as he was on a companion charge of reckless endangerment. The conviction arises out of an incident which occurred in a back room of defendant's jewelry store. Defendant picked up his business partner's .22 caliber revolver from a desk. His partner had a valid permit for the gun, which was kept at the store for security reasons. Believing the first cylinder of the gun to be empty, defendant pointed it at a clock on a shelf and pulled the trigger. The gun discharged, striking the clock. On trial, defendant's request for "a temporary and innocent possession" charge was denied.

A person is guilty of criminal possession of a weapon in the third degree when he possesses any firearm and has previously been convicted of any crime (Penal Law § 265.02 [1]; § 265.01 [1]). The People are not required to prove intent as an element of the crime of criminal possession of a weapon as a felony (People v Messado, 49 AD2d 560). However, "possession", an essential element, does not turn upon physical

handling of the prohibited weapon alone *(People v Williams,* 50 NY2d 1043, 1045). In some circumstances, a person may possess a proscribed weapon and still not be guilty of a crime because of the innocent nature of the possession *(People v Almodovar,* 62 NY2d 126, 130). The defense of temporary and lawful possession applies because, as a matter of policy, the conduct is not deemed criminal *(People v Almodovar, supra,* p 130; *People v La Pella,* 272 NY 81, 83). To trigger the right to an innocent possession charge, "there must be proof in the record showing a legal excuse for having the weapon in his possession as well as facts tending to establish that, once possession has been obtained, the weapon had not been used in a dangerous manner" *(People v Williams, supra,* p 1045).

When ruling on a request to charge, the record must be viewed in the light most favorable to the defendant *(People v Steele,* 26 NY2d 526, 529). "[T]he statute has been construed as accommodating many varieties of innocent possession" *(People v Furey,* 13 AD2d 412, 415). Since a jury might believe that defendant temporarily and innocently had possession of the weapon, the instruction should have been given. In our view, the court committed reversible error by refusing to instruct the jury as to this defense. (Appeal from judgment of Monroe County Court, Bergin, J.—criminal possession of weapon, third degree.) Present-Dillon, P. J., Callahan, Denman, Pine and Schnepp, JJ.