■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE RODRIGUEZ, Appellant. [738 NYS2d 758] —Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered April 30, 2001, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

As a result of an incident in which defendant stabbed another inmate, he was indicted on a single count of promoting prison contraband in the first degree for possessing a 9½-inch metal rod sharpened to a point. Pursuant to a plea bargain and with the assistance of counsel, he entered a plea of guilty of attempted promoting prison contraband in the first degree with a promised sentence of 1½ to 3 years as a second felony offender. At a subsequent appearance, defendant objected to the prison contraband charge and stated that he wanted to plead guilty to an assault charge because he believed that an assault was the crime he had committed. After an examination pursuant to CPL article 730 established that defendant was competent to proceed, County Court agreed that if defendant entered a plea to attempted assault in the second degree, the prior plea to the prison contraband charge would be vacated and defendant would receive the same sentence as previously promised. However, when defendant refused to acknowledge that he was waiving any self-defense claim, the court declined to accept the plea to the assault charge and thereafter

sentenced defendant on the prison contraband charge in accordance with the plea bargain.

On this appeal, defendant argues that his claim of self-defense negated the "knowingly and unlawfully" elements of the crime of attempted promoting prison contraband in the first degree and that, therefore, County Court erred in accepting defendant's plea to that crime. The record, however, clearly refutes defendant's argument. Defendant's allocution demonstrated that he believed the victim was waiting to attack him and that, before the victim could do so, defendant took the weapon from him. As defendant explained, "I took it from him and I had it in my hand. And then I stuck him with it. I am guilty. I am guilty because I was supposed to just take it and give it to the guard, but I didn't do that * * *." Defendant's claim of self-defense, which is based on what the People aptly describe as a preemptive strike, is unavailable under these facts and does not in any way negate his admission that he knowingly continued to possess the weapon, which was prison contraband, after taking it from the victim. Inasmuch as justification is no defense to the crime of promoting prison contraband (*see, People v Sims*, 242 AD2d 758, *lv denied* 91 NY2d 930), defendant's continued possession of the contraband for the purpose of stabbing the victim was unlawful. Defendant's apparent belief that the criminal act was his stabbing of the victim does not negate any of the elements of the prison contraband crime, elements which were clearly established by his allocution. Defendant's plea was knowing and voluntary and County Court did not err in accepting it.

By failing to request deferment of the mandatory surcharge, defendant failed to preserve his remaining claim that County Court should have held a hearing on the deferment issue (*see, People v Abdus-Samad*, 274 AD2d 666, *lv denied* 95 NY2d 862). In any event, although defendant advised the court that he was indigent, he made no claim that could be construed as raising an issue as to whether the surcharge would work an unreasonable hardship over and above the ordinary hardship suffered by other indigent inmates (*see, id.*).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.