■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM PERRY, Appellant. [888 NYS2d 284]—

Spain, J.P. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered January 3, 2008, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

After receiving an anonymous letter, correction officers searched defendant's cell at the Elmira Correctional Facility in Chemung County and discovered two razor blades tied together with a string hidden in a box located in the window ledge containing letters to defendant. He was indicted, tried and convicted of promoting prison contraband in the first degree and sentenced, as a second felony offender, to a term of 2½ to 5 years in prison, to run consecutively with the sentence he was serving. Defendant appeals and, given that none of his claims is meritorious, we affirm.

We find no merit to defendant's challenges to the jury instructions. Defendant initially contends that County Court erred in declining his request to charge the jury to determine whether he had temporarily and lawfully possessed the contraband (*see e.g. People v Williams*, 50 NY2d 1043, 1045 [1980]; *People v LaPella*, 272 NY 81, 82 [1936]). The request was premised upon defendant's testimony that two months after being transferred to his cell, he found the razor blades while cleaning his cell. Since he was having problems with other inmates, he allegedly sent an anonymous letter to the Deputy Superintendent indicating where the blades could be found in order to make it appear as if he were in illegal possession of contraband so he would be placed in the special housing unit.

Defendant, however, was charged with promoting prison contraband in the first degree for knowingly and unlawfully possessing dangerous contraband (*see* Penal Law § 205.25 [2]; § 205.00 [4]), and this Court has specifically ruled that the defense of temporary lawful possession only applies to certain crimes under the Penal Law, including weapons possession, and does not apply to promoting prison contraband (*see People v Legree*, 176 AD2d 983, 983-984 [1991], *lv denied* 80 NY2d 834 [1992]; *see also* Penal Law § 265.20). Given the threat posed by dangerous contraband, such as weapons, to a prison facility's safety and security (*see People v Finley*, 10 NY3d 647, 656-657 [2008]; *People v Torres*, 14 AD3d 801, 803 [2005], *lv denied* 4 NY3d 836 [2005]; *People v Anderson*, 299 AD2d 578, 579 [2002], *lv denied* 99 NY2d 580 [2003]; *see also* Penal Law § 205.00 [4]), even temporary possession is proscribed. The Legislature has not seen fit to recognize a temporary and lawful possession defense in the promoting prison contraband context (*see* Penal Law art 205; *compare* Penal Law § 265.20), and we decline defendant's request to do so. In any event, defendant's testimony that he continued to possess the blades for several days after discovering them in his cell under a plan to be caught by correction officers during a cell search, even if credited, could not establish either that his possession was "temporary" or that it was "lawful" (*see People v Williams*, 50 NY2d at 1045; *see also People v Almodovar*, 62 NY2d 126, 130 [1984]; *People v Rodriguez*, 292 AD2d 646, 646-647 [2002], *lv denied* 98 NY2d 654 [2002]; *cf. People v LaPella*, 272 NY at 82).

Likewise, we find no error in County Court's denial of defendant's request to charge the jury to determine whether his possession of the blades was "voluntary." The jury was correctly charged regarding the mens rea of the crime of promoting prison contraband, that defendant acted "knowingly," and that

he did so unlawfully (*see* CJI2d [NY] Penal Law § 205.25 [1]; *see also* Penal Law § 15.05 [2]). While defendant is correct that involuntary acts may be excluded from liability (*see* Penal Law § 15.10), a "voluntary act"—the actus rea of possession—by definition includes "the possession of property if the actor was aware of his physical possession or control thereof for a sufficient period to have been able to terminate it" (Penal Law § 15.00 [2]; *see* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 15.00, at 84). Thus, defendant's knowing possession was the voluntary act to be proven. Defendant's own testimony established his knowing, protracted possession and created no factual issue regarding involuntariness so as to entitle him to a jury charge in that regard.

Finally, upon review of defendant's criminal history, finding neither an abuse of discretion nor extraordinary circumstance warranting a reduction of defendant's sentence, which was less than the maximum, we decline to reduce it in the interest of justice (*see People v Delgado*, 80 NY2d 780, 783 [1992]).

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.