# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**4**
**KA 15-01692**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CLIFFORD GRAHAM, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN J. GILSENAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 18, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and as a matter of discretion in the interest of justice and the indictment is dismissed without prejudice to the People to re-present any appropriate charges under counts one and eight of the indictment to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and endangering the welfare of a child (§ 260.10 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Because defendant did not renew his motion for a trial order of dismissal after presenting evidence, he failed to preserve for our review his contention that the verdict is not supported by legally sufficient evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention is without merit (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that reversal is required because Supreme Court erred in denying his request for a jury instruction on the defense of temporary innocent possession of the handgun. In order for a defendant to be entitled to such an instruction, "there must be proof in the record showing a legal excuse for having the weapon in [one's] possession as well as facts tending to establish that, once possession [was] obtained, the weapon [was

not] used in a dangerous manner" (*People v Williams*, 50 NY2d 1043, 1045; *see People v Banks*, 76 NY2d 799, 801). Here, there were such facts. Defendant testified that he briefly struggled with a man who threatened him with a gun in front of his wife's residence and, in the struggle, the gun fell to the ground. According to defendant's testimony, after the assailant fled the scene, defendant picked up the gun from the street and immediately handed it to his wife, who then brought it into the home and hid it in the bedroom. The police later discovered the gun, hidden in a women's purse in a bedroom closet, during a search of the home after being dispatched to that location to investigate a domestic violence report. That testimony was not "utterly at odds with [any] claim of innocent possession" (*People v Robinson*, 63 AD3d 1634, 1635, *lv denied* 13 NY3d 799 [internal quotation marks omitted]), and we thus conclude that there were sufficient facts for the jury to conclude that defendant's possession of the gun was temporary and lawful (*see People v Hayes*, 55 AD2d 812, 812; *People v Singleteary*, 54 AD2d 1088, 1088; *see also People v Holes*, 118 AD3d 1466, 1467-1468).

Defendant further contends that reversal is also required on the ground that the integrity of the grand jury proceeding was impaired because the prosecutor failed to instruct the grand jury concerning the defense of temporary innocent possession of a weapon. Although defendant failed to preserve that contention for our review inasmuch as he did not move to dismiss the indictment on that specific ground (*see* CPL 470.05 [2]; *People v Beyor*, 272 AD2d 929, 930, *lv denied* 95 NY2d 832), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We agree with defendant that the integrity of the grand jury proceeding was impaired, and we thus dismiss the two counts of the indictment of which defendant was convicted, without prejudice to the People to re-present any appropriate charges under those counts to another grand jury (*see People v Connolly*, 63 AD3d 1703, 1704-1705). The prosecutor is required to instruct the grand jury on the law with respect to matters before it (*see* CPL 190.25 [6]). If the prosecutor fails to instruct the grand jury on a defense that would eliminate a needless or unfounded prosecution, the proceeding is defective, mandating dismissal of the indictment (*see* CPL 210.35 [5]; *People v Valles*, 62 NY2d 36, 38-39). Under the circumstances of this case, an instruction on the defense of temporary and lawful possession was warranted, and the prosecutor's failure to provide that instruction impaired the integrity of the grand jury proceeding (*see* CPL 210.35 [5]; *People v Grant*, 113 AD3d 875, 876).

In light of our decision, we do not address defendant's remaining contentions.

Entered: March 24, 2017

Frances E. Cafarell
Clerk of the Court