People v Roulhac (2018 NY Slip Op 07367)





People v Roulhac


2018 NY Slip Op 07367


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

108666

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
VINCENT ROULHAC, Appellant.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Robert Gregor, Lake George, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey Kehm of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered June 9, 2016, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree (two counts).
Defendant was a passenger in a vehicle that a state trooper stopped for a traffic violation in Essex County. After the driver consented to a search of the car, defendant advised the trooper that there was marihuana in the glove box and it belonged to him. The trooper recovered that marihuana after his K-9 dog alerted on the glove box. The dog then alerted on the passenger seat. When a search of that seat, defendant and his clothing did not reveal any drugs, the trooper and an investigator suspected that defendant had concealed drugs inside his body. They transported defendant to their police barracks in Clinton County, obtained a search warrant to X-ray his body and transported him to a hospital in Clinton County to execute that warrant. At the hospital, defendant informed the investigator that he had drugs concealed inside his anus and voluntarily removed from that orifice a condom containing bags of heroin and cocaine.
A Clinton County indictment charged defendant with two counts of criminal possession of a controlled substance in the third degree (one count pertaining to the heroin and one to the cocaine). Following a hearing on defendant's pretrial motion to, among other things, dismiss the indictment and suppress evidence, County Court denied the motion in its entirety. A jury convicted defendant as charged. The court sentenced him to concurrent prison terms of nine years, followed by three years of postrelease supervision. Defendant appeals.
The police had probable cause for defendant's arrest. At the hearing, both the trooper and defendant testified that defendant admitted possessing marihuana, which the trooper then recovered. Defendant's unlawful possession of marihuana was committed in the trooper's presence, giving probable cause for defendant's arrest (see People v Carter, 60 AD3d 1103, 1105 [2009], lv denied 12 NY3d 924 [2009]; People v Nesbitt, 56 AD3d 816, 818 [2008], lv denied 11 [*2]NY3d 928 [2009]). It is irrelevant that the police and the People did not formally charge him with possessing marihuana after discovering that he possessed narcotics. Furthermore, the K-9's alert and indication on the passenger seat, followed by a fruitless search of the seat and defendant's clothing, presented probable cause to suspect that defendant possessed drugs in his body.
Defendant's challenge to the legal sufficiency of the evidence at trial is unpreserved for our review because his trial motion for a directed verdict did not include the arguments that he now raises (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Taylor, 163 AD3d 1275, 1275-1276 [2018]; People v Briggs, 129 AD3d 1201, 1202 [2015], lv denied 26 NY3d 1038 [2015]). As the sufficiency of the trial evidence has not been properly challenged and it is, therefore, presumed legally sufficient, defendant is precluded from challenging the legal sufficiency of the evidence that was presented to the grand jury (see CPL 210.30 [6]; People v Dowling, 75 AD3d 838, 840 [2010], lv denied 15 NY3d 952 [2010]; People v Folkes, 43 AD3d 956, 956 [2007], lvs denied 9 NY3d 1004, 1006 [2007]).
The verdict is not against the weight of the evidence. "A person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]). Defendant's own testimony that he placed 11 grams of heroin and 19 grams of cocaine in a condom, which he then secreted in his anus, established a voluntary act of possession of narcotics (see Penal Law §§ 15.00 [2]; 15.10; People v Perry, 67 AD3d 1046, 1048 [2009], lv denied 14 NY3d 804 [2010]). Defendant testified that he was not employed, he did not pay for the drugs but received them for free from his friends, and he possessed the drugs for his own personal use. However, the People presented proof regarding a scheme to regularly use a transporter car preceded by a scout car, with each vehicle having at least some connection to defendant, to make trips to New York City and immediately return to Clinton County. This implied that defendant was involved in trafficking drugs to Clinton County, where they could be sold for higher prices than in New York City. The investigator testified that the drugs that defendant possessed had a street value of $5,000, and the investigator had never encountered a person who secreted drugs inside his or her body unless the possession was for purposes of sale. Accepting the jury's credibility findings in favor of the police witnesses and against defendant, the weight of the evidence established defendant's possession with intent to sell the drugs (see People v Garcia-Toro, 155 AD3d 1086, 1087-1088 [2017], lv denied 30 NY3d 1115 [2018]; People v Barton, 13 AD3d 721, 723-724 [2004], lv denied 5 NY3d 785 [2005]; People v Wright, 283 AD2d 712, 713-713 [2001], lv denied 96 NY2d 926 [2001]).
Although a defendant generally has the right to be tried in the county where the crime was committed, "[v]enue is not an element of the offense" and "venue issues — which relate only to the proper place of trial, rather than to the power of the court to hear and determine the case — are waivable" (People v Greenberg, 89 NY2d 553, 555-556 [1997]; see People v Beauvais, 105 AD3d 1081, 1082 [2013]; People v Brown, 90 AD3d 1140, 1141 [2011], lv denied 18 NY3d 922 [2012]; People v Hinds, 77 AD3d 429, 430 [2010], lvs denied 15 NY3d 953, 955 [2010]; People v Banks, 38 AD3d 938, 939 [2007], lv denied 9 NY3d 840 [2007]). By not requesting a jury charge on Clinton County's geographical jurisdiction or venue, defendant waived any challenge on that issue (see id.).
Defendant contends that he was deprived of the effective assistance of counsel due to counsel's failure to raise the venue issue either in a pretrial motion to dismiss or at trial. Defendant asserts that Clinton County was not a proper venue because he was stopped in Essex County and entered Clinton County in police custody, making his presence and possession of drugs in that county involuntary (see CPL 20.40 [1] [a]; Penal Law § 15.10). Although counsel could have raised the venue issue — and assuming, without deciding, that such a motion would have been successful — defendant has not demonstrated that counsel lacked strategic or other legitimate reasons not to raise that defense (see People v Wright, 160 AD3d 1110, 1112 [2018], lv denied 31 NY3d 1154 [2018]; People v Rosario, 157 AD3d 988, 993-994 [2018], lv denied 31 NY3d 1121 [2018]; People v Wright, 139 AD3d 1094, 1100-1101 [2016], lvs denied 28 NY3d [*3]939 [2016], 29 NY3d 1089 [2017]). For example, a successful motion to dismiss due to lack of venue in Clinton County may have led the People to file similar charges in Essex County, where venue would be proper, and counsel may have strategically determined that defendant would fare better with a jury drawn from the county in which he lived, which was also the less rural of the two counties (compare Cornell v Kirkpatrick, 665 F3d 369, 379-384 [2d Cir 2011]). To the extent that defendant complains about counsel pursuing the defense that he possessed the drugs for personal use rather than with intent to sell, that was a potentially legitimate defense, which was consistent with defendant's testimony, and we will not second-guess counsel's strategy in that regard (see People v Rotger, 129 AD3d 1330, 1331 [2015], lvs denied 26 NY3d 1011 [2015], 27 NY3d 1005 [2016]; People v Wicks, 73 AD3d 1233, 1236 [2010], lv denied 15 NY3d 857 [2010]). Accordingly, defendant has not established that he was deprived of the effective assistance of counsel.
Lynch, Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.