People v Mack (2019 NY Slip Op 53930)





People v Mack


2019 NY Slip Op 53930


Decided on November 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 27, 2019

108443 109637

[*1]The People of the State of New York, Respondent,
v
Willie J. Mack, Appellant.

Calendar Date: October 18, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Kevin A. Jones, Ithaca, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (M. Hyder Hussain of counsel), for respondent.

Weeden A. Wetmore, District Attorney, Elmira (M. Hyder Hussain of counsel), for respondent.



Egan Jr., J.P.
Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 28, 2016, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court (Baker, J.), entered July 19, 2017, which denied defendant's motion pursuant to, among other things, CPL 440.10 to vacate the judgment of conviction, without a hearing.
On the evening of September 24, 2015, State Police responded to a report of "shots fired" in the area of Mt. Zoar Street and South Main Street in the City of Elmira, Chemung County. As the troopers turned onto Mt. Zoar Street, they observed defendant, who matched the description of the suspect in the shooting, running down an alley in their direction carrying a black sweatshirt. After troopers stopped defendant at gunpoint, he dropped the sweatshirt to the ground and was taken into custody. A loaded Glock 26 9mm pistol was subsequently found in the pocket of the sweatshirt that defendant had dropped to the ground. Defendant was then arrested and subsequently charged by indictment with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Defendant filed an omnibus motion seeking, among other things, suppression of the pistol but, following a hearing, County Court (Hayden, J.) denied defendant's suppression motion. Following a jury trial, defendant was convicted as charged. He was thereafter sentenced, as a second violent felony offender, to a prison term of 10 years, to be followed by five years of postrelease supervision, for his conviction of criminal possession of a weapon in the second degree and a concurrent prison term of 3½ to 7 years for his conviction of criminal possession of a weapon in the third degree.
Following sentencing, defendant moved, pro se, to, among other things, vacate the judgment of conviction pursuant to CPL 440.10, arguing, among other things, that he received the ineffective assistance of counsel based upon defense counsel's failure to call defendant's girlfriend to testify at the pretrial suppression hearing. County Court (Baker, J.) denied the motion, without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.
Defendant initially contends that County Court (Hayden, J.) erred when it denied his request to charge the jury on the defense of temporary and lawful possession. We agree. In order for a defendant to be entitled to a charge of temporary and lawful possession, "'there must be proof in the record showing a legal excuse for [the defendant] having the weapon in [his or her] possession as well as facts tending to establish that, once possession has been obtained, the weapon [was not] used in a dangerous manner'" (People v Banks, 76 NY2d 799, 801 [1990], quoting People v Williams, 50 NY2d 1043, 1045 [1980]; see People v Ellington, 160 AD3d 1484, 1485 [2018], lv denied 31 NY3d 1147 [2018]). In making a determination as to the appropriateness of giving such a charge, the trial court must view the evidence in a light most favorable to the defendant and, "[u]pon [the] defendant's request, the court must instruct the jury on the defense if it is sufficiently supported by the evidence; failure to do so may constitute reversible error" (People v Butts, 72 NY2d 746, 750 [1988]; see People v Watts, 57 NY2d 299, 301 [1982]; People v Williams, 50 NY2d at 1045).
At trial, defendant testified in his own defense claiming that the sweatshirt in which the pistol was discovered was not his and, instead, belonged to the individual whom he claims robbed him just minutes before the police arrived. According to defendant, after being robbed, he chased his assailant but, during an ensuing altercation, he was struck in the face and fell to the ground, allowing the assailant to run off. As the assailant ran away, defendant saw him discard his sweatshirt. Defendant thereafter ran over and retrieved the sweatshirt to see if it contained the items that had just been stolen from him but, before he could search the sweatshirt's pocket, the police simultaneously pulled up and stopped him at gunpoint, whereupon he dropped the sweatshirt. The question, therefore, distills to whether defendant is entitled to a jury charge for temporary and lawful possession of a weapon where, as here, he avers that he was unaware that the sweatshirt he possessed contained a loaded pistol. The Criminal Jury Instructions provide, in relevant part, that "[a] person has innocent possession of a weapon when he or she comes into possession of the weapon in an excusable manner and maintains possession, or intends to maintain possession, of the weapon only long enough to dispose of it safely. There is no single factor that by itself determines whether there was innocent possession. In making that determination, [the jury] may consider any evidence which establishes that the defendant had knowing possession of a weapon, the manner in which the weapon came into the defendant's possession, the length of time the weapon remained in his/her possession, whether the defendant had an intent to use the weapon unlawfully or to safely dispose of it, the defendant's opportunity, if any, to turn the weapon over to the police or other appropriate authority, and whether and how the defendant disposed of the weapon" (CJI2d[NY] Temporary and Lawful Possession).
Here, defendant's testimony, if credited, provides sufficient facts from which the jury could find a lawful basis for defendant having temporarily and innocently possessed the subject pistol without having had any intent to use it in a dangerous manner or an opportunity to subsequently turn it over to police (see People v Fletcher, 166 AD3d 796, 798-799 [2018]; People v Bonilla, 154 AD3d 160, 161-166 [2017], lv denied 30 NY3d 1017 [2017]; People v Legett, 140 AD2d 1, 3-4 [1988]; People v Messado, 49 AD2d 560, 560 [1975]; see also People v Almodovar, 62 NY2d 126, 130 [1984]; People v Graham, 148 AD3d 1517, 1518 [2017]; compare People v Williams, 50 NY2d at 1045; People v Dickson, 58 AD3d 1016, 1017 [2009], lv denied 12 NY3d 852 [2009]). Accordingly, County Court should have provided a jury charge for temporary and lawful possession such that defendant is entitled to a new trial.
To the extent that our holding does not render academic defendant's ineffective assistance of counsel claim raised in his CPL 440.10 motion, we find said contention to be without merit. Given that that defendant matched the physical description and location of the suspect involved in the reported gunfire, justifying his stop and subsequent search by police, and the fact that defendant's main theory of this case was that he innocently possessed the sweatshirt containing the handgun, defendant failed to "demonstrate the absence of strategic or other legitimate explanations" for counsel not calling defendant's girlfriend to testify at the suppression hearing (People v Alls, 117 AD3d 1190, 1192 [2014]). As such, defendant's postjudgment motion was properly denied.
Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Chemung County for a new trial.
ORDERED that the order is affirmed.