People v Anderson
2026 NY Slip Op 04056
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
RHODESIA ANDERSON, DEFENDANT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
254 KA 25-00191
Present: Montour, J.P., Ogden, Greenwood, Nowak, And Hannah, JJ.

MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR APPELLANT.
NICHOLAS T. TEXIDO, BUFFALO, FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), dated January 30, 2025. The order granted that part of defendant's omnibus motion seeking to dismiss the indictment.
[*1]
It is hereby ORDERED that the order so appealed from is reversed on the law, that part of the omnibus motion seeking to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to Supreme Court, Erie County, for further proceedings on the indictment.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to dismiss the indictment. The indictment charged defendant with, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), and Supreme Court dismissed the indictment on the grounds that the grand jury proceeding was defective because the People failed to instruct the grand jury on a justification defense and improperly introduced evidence of defendant's prior conviction. The People now appeal, and we reverse.
A court may dismiss an indictment on the ground that a grand jury proceeding is defective where, inter alia, the proceeding is so irregular "that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; see CPL 210.20 [1] [c]). That is a "demanding test" (People v Darby, 75 NY2d 449, 454 [1990]) and the "exceptional remedy of dismissal is . . . warranted only where a defect in the indictment created a possibility of prejudice" (People v Huston, 88 NY2d 400, 409 [1996]). "[N]ot every improper comment, elicitation of inadmissible testimony, impermissible question or mere mistake renders an indictment defective" (id.). Dismissal is limited "to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (id.). In other words, dismissal is warranted only where there is "a showing that, in the absence of the complained-of misconduct, the grand jury might have decided not to indict the defendant" (People v Thompson, 22 NY3d 687, 699 [2014], rearg denied 23 NY3d 948 [2014]).
"The People generally enjoy wide discretion in presenting their case to the [g]rand [j]ury . . . and are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused" (People v Lancaster, 69 NY2d 20, 25-26 [1986], cert denied 480 US 922 [1987]; see Huston, 88 NY2d at 406). "The prosecutor's discretion in presenting the case to the [g]rand [j]ury, however, is not unbounded, for it is settled that at a [g]rand [j]ury proceeding, the prosecutor performs the dual role of advocate and public officer, charged with the duty not only to secure indictments but also to see that justice is done; as a public officer [they] owe[ ] a duty of fair dealing to the accused and candor to the courts" (Lancaster, 69 NY2d at 26 [internal quotation marks omitted]; see Huston, 88 NY2d at 406).
The prosecutor's duty of fair dealing extends to the grand jury instructions (see Lancaster, 69 NY2d at 26). CPL 190.25 (6) provides, as relevant here, that "[w]here necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it." "If the prosecutor fails to instruct the grand jury on a defense that would eliminate a needless or unfounded prosecution, the proceeding is defective, mandating dismissal of the indictment" (People v Graham, 148 AD3d 1517, 1519 [4th Dept 2017]; see Lancaster, 69 NY2d at 27-28; People v Valles, 62 NY2d 36, 38-39 [1984]).
We agree with the People that the evidence before the grand jury was not sufficient to support a justification charge (see People v Mitchell, 82 NY2d 509, 515 [1993]), and thus the court erred in dismissing the indictment on that ground. The evidence before the grand jury included a surveillance video of the incident, which shows defendant and a man, who knew one another prior to the incident, engaged in a verbal argument in front of a convenience store. After they separated momentarily, the man grabbed defendant by the throat and slammed her against a vehicle and then to the ground. After struggling for a while on the ground, both defendant and the man got up and defendant entered her parked vehicle. She backed it out of the parking space and then started driving down the street. As she was driving, the man walked toward her direction but did not appear to have anything in his hands, which were by his side. Defendant aimed a gun at the man and fired several times in his direction as she drove away, striking one of the bystanders standing in front of the store.
A person may not use deadly physical force upon another person unless the person "reasonably believes that such other person is using or about to use deadly physical force" (Penal Law § 35.15 [2] [a]). Here, there was no reasonable view of the evidence that the man was using or about to use deadly physical force upon defendant as she was driving away from the store (see generally People v St. John, 215 AD3d 1267, 1268 [4th Dept 2023], lv denied 40 NY3d 999 [2023]). Further, the defense of justification is inapplicable where, as here, defendant had the opportunity to retreat and failed to do so (see § 35.15 [2] [a]; see generally St. John, 215 AD3d at 1268).
With respect to the second ground for dismissal, we agree with the People that presenting evidence of defendant's prior conviction to the grand jury did not render the proceedings defective. The prosecutor charged the grand jury with criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (3), which provides that a person is guilty of that count when "such person possesses any loaded firearm. Such possession shall not, except as provided in [§ 265.02 (1) or (7)], constitute a violation of this subdivision if such possession takes place in such person's home or place of business." Penal Law § 265.02 (1) provides that a person is guilty of criminal possession of a weapon in the third degree when such person commits the crime of criminal possession of a weapon in the fourth degree as defined in, inter alia, section 265.01 (1), and has previously been convicted of any crime. A person is guilty of criminal possession of a weapon in the fourth degree under section 265.01 (1) when they possess any firearm.
Despite the fact that the grand jury could readily infer from the evidence that this incident did not occur in defendant's home or place of business, the People did not advance that theory during the grand jury proceeding and instead charged the grand jury with criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) using the prior conviction exception, i.e., that defendant possessed a loaded firearm and had a prior criminal conviction (see id.; § 265.02 [1]). Thus, the prosecutor introduced evidence that defendant had a prior conviction of criminal possession of a weapon in the second degree, which is the same charge the grand jury was now considering for this case. We conclude that introducing evidence of defendant's prior conviction of criminal possession of a weapon in the second degree as an element of the crime of criminal possession of a weapon in the second degree as set forth in Penal Law § 265.03 (3) was not improper inasmuch as the prosecutor has "wide discretion" in presenting a matter to the grand jury (Huston, 88 NY2d at 406; see Lancaster, 69 NY2d at 25-26).
In her responding brief defendant raises additional reasons why the grand jury proceeding was defective, but those issues are not properly before us inasmuch as they were not decided adversely to the People (see People v Nicholson, 26 NY3d 813, 825 [2016]; People v [*2]Concepcion, 17 NY3d 192, 195 [2011]).
All concur except Ogden and Nowak, JJ., who concur in the result in the following memorandum: We write separately to express our concern with the prosecutor's introduction of evidence during the grand jury proceeding that defendant had a prior conviction. Despite the fact that the grand jury could have readily inferred from the evidence that the instant incident did not occur in defendant's home or place of business, the prosecutor opted to introduce additional evidence that defendant had a prior conviction for criminal possession of a weapon in the second degree—the exact same charge that the grand jury was tasked with considering.
Although we agree with the majority that the prosecutor has "wide discretion" in presenting a matter to the grand jury (People v Huston, 88 NY2d 400, 406 [1996]; see People v Lancaster, 69 NY2d 20, 25-26 [1986], cert denied 480 US 922 [1987]), we believe that the certificate of conviction was unduly suggestive of defendant's propensity to commit crimes—notwithstanding the prosecutor's curative instruction that it could not be used for that purpose. Nevertheless, we concur with the majority's determination inasmuch as we are unable to conclude that the prosecutor's introduction of that evidence establishes the type of pervasive pattern of bias or misconduct warranting the exceptional remedy of dismissal of the indictment (see generally People v Thompson, 22 NY3d 687, 699 [2014], rearg denied 23 NY3d 948 [2014]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court